Johnson, J.
 

 — The grass and fruits, growing at the intestate’s country-seat, were not assets (2 R S. 82, § 6, sub. 6), but descended to the heir with the land. (4 Bac. Abr. Executors and Administrators,
 
 H.
 
 3.) If the lands on which the grass and fruits in question were growing, at the time of the husband’s death, had been assigned to the widow for her dower, she would thereupon have become entitled to the grass' and fruits growing on the lands. It has been so held, even in the case of annual planted crops (2 Inst. 81; Dyer 316, pi. 2); a case much stronger against the right of the widow than that of grass and fruit. As, however, it does not appear by this case, that the lands had been assigned to the widow for her dower, we are not able to see how she can have any right to their proceeds.
 
 [1]
 

 ■ There can be no doubt that Francis Rain left a family, * kqq i within *the meaning of the revised statutes, part 2, J c. 6, tit. 3, art. 1, § 9. It appears clearly from § 10, which declares, that if there be a widow
 
 and 'no minor child,
 
 the articles exempted shall be her property. Under § 2, c. 157, Laws of 1842, the appraisers are directed to inventory and set apart for the use of the widow, in case a widow alone is left, necessary household furniture to the
 
 *547
 
 value of not more than $150, in the discretion of the executors, in addition to the articles exempted under the sections of the revised statutes already cited. The six bedsteads, with their bed furniture, of the appropriation of which to the widow’s use the plaintiff complains, may have been assigned to her, under the last section, for aught that appears in the case: we are, therefore, not called upon to consider the plaintiff’s right under § 9.
 

 The judgment below must be, therefore, modified, so as to give judgment to the plaintiff for the whole proceeds of the fruits and grass, $450, with costs.
 

 Judgment accordingly.
 

 [1]
 

 See Bradner v. Faulkner, 34 N. Y. 347.