CLARK *et al.*, administrators of the estate of Robert Clarke, deceased, appellants, v. BATTORF *et al.*

*Dower — rights of widow to growing crops.*

A widow had set off to her, as dower, lands on which there was a growing crop. The crop was inventoried by the administrators of her husband's estate, among the assets of the estate, was harvested by the administrators and sold. The widow knew of the harvesting and sale of the crop, and that it was included in the assets of the estate. She made no claim to the proceeds, and did not object to the disposition of them.

*Held*, that the widow was entitled to the crop growing at the time of her husband's death on the land set apart to her for dower. The placing of the crop in the inventory, and the failure of the widow to demand the avails of it, did not impair the right of her representatives to do so, and the administrators were not bound to account to the next of kin for the crop.

APPEAL from the decree of the surrogate of Livingston county.

Robert Clark died in September, 1865, leaving surviving him a widow, since deceased, and the defendant his heir at law. Before his death he entered into a contract with William Clark and Dwight Owen to crop certain lands of which he was owner on shares, each party to have half of the products. Before the death of said Clark, a portion of the land was seeded, and immediately after his death the residue.

By an arrangement between the widow and heirs, eighteen acres of the land sowed were conveyed to the widow for life as her dower in the lands of her husband. The plaintiff, with the widow, were appointed administrators, etc., of the goods, etc., of Robert Clark.

They caused an inventory of the property of the estate to be made, and included in it the estimated value of the crop growing on the eighteen acres, so as aforesaid set off to the widow. The administrators caused the crop to be harvested and paid for it out of the assets of the estate. The widow knew of the harvesting and

sale of the crop taken from the eighteen acres, and that it was included in the inventory of her husband's estate, but she made no claim to the proceeds nor objected even to the disposition of them. The plaintiffs applied to the surrogate of Livingston county for a settlement of their accounts as administrators, and an accounting was had, and in stating the account the administrators were charged with the avails of the crop taken from the eighteen acres, and they were allowed their expenses incurred in harvesting and disposing of the same. To this charge the plaintiffs objected, on the ground that the crop growing on the eighteen acres assigned to the widow for dower belonged to her, and not to the estate of Robert Clark, and they were liable to account for the proceeds of that part of the crop to her heirs or next of kin. The surrogate overruled the plaintiffs' objection, and charged them with the amount received for that part of the crop, and from the order so made plaintiffs appeal.

*George F. Danforth*, for appellant, cited 2 Coke's Inst. 80, 81; *Parker* v. *Parker*, 17 Pick. 236; 3 G. Greene (Iowa), 535; *Kain* v. *Fisher*, 6 N. Y. 597, 598; 2 Scrib. on Dow. 727; 9 Cow. 39; 34 N. Y. 347; 42 id. 154; 2 R. S. 2, § 57.

*A. J. Abbott*, for respondent, cited 3 R. S. (5th ed.) 69, § 6, subd. 5; 2 R. S. (5th ed.) 169, § 6, subd. 8, 9.

MULLIN, P. J. It seems to have been held from the earliest times, at the common law, that the widow was entitled to crops growing on the land assigned to her for dower. 2 Coke's Inst. 80; 1 Greenl. Cruise, 194, § 29.

In 4 Kent's Com. 66, it is said as the title to dower is communicated by the husband's death, she is in from the husband's death, and like any other tenant of the freehold, she takes upon a recovery whatever is there annexed to the freehold, whether it be so by folly, mistake, or otherwise.

The supreme court of Massachusetts, in *Parker* v. *Parker*, 17 Pick. 236, held the widow entitled to improvements made by the heir on the land assigned to her for her dower, after the death of her husband. *Kain* v. *Fisher*, 6 N. Y. 597; 1 Will. on Ex. 633–635. Including the growing crop as part of the assets of the estate of the intestate does not make them such as against the widow who, in law, was entitled to them. Growing crops are declared assets by the

statute, but the declaration does not affect the right of persons who may be lawfully entitled to them, as against creditors, and next of kin. The growing grain was in the inventory, doubtless, under the belief that it was assets, and the widow probably died in that belief. But that does not impair the right of her representatives to demand the avails of it. She had neither sold or released her right to the crops, and unless she had done so her title was perfect, and her representatives are entitled now to demand the avails from the appellants. The widow has neither said nor done any thing which estopped her in her life-time, or her representatives since her death, from demanding the avails of the crop. It would be grossly unjust to compel the appellants to account to the next of kin of Robert Clark for the crop, and leave them liable to be compelled to pay for it a second time to the representatives of Mrs. Clark. That part of the decree of the surrogate appealed from must be reversed with costs to the appellants, to be paid out of the estate, and if enough is not left in appellants' hands to pay the same, then the appellants' costs to be paid by the respondents in this appeal.

*So ordered.*