In the Matter of the Estate of DAVID YOUNG, deceased. HENRIETTA E. YOUNG, Appellant, *v.* WALTER D. HICKS et al., Executors, etc., Respondents.

By an ante-nuptial agreement the woman covenanted that if, after marriage, the man died first, she would accept $1,500 " in full satisfaction of her dower in his estate, and shall bar her from claiming the same, either in his real or personal estate." He covenanted to provide by will for the payment of that sum "in lieu of dower, or her rights as his widow in his estate." The parties married and the husband died, having made provision by will as covenanted. *Held,* that the agreement was valid and remained in full force after marriage (§ 3, chap. 375, Laws of 1849); that the intent was that the woman should take nothing as widow from her husband's estate ; and that, therefore, there being no children living, the issue of such marriage, she was not entitled to the specific articles given by the statute (2 R. S. 83, § 9) to a widow; that, although not to be appraised, they were part of the estate, and she, by her agreement, was estopped from claiming them.

Also *held,* that the surrogate, on application of the widow to compel the executor to set apart said articles for her, had jurisdiction to determine the question.

As to whether the matter would have been affected by the existence of minor children or others interested, *quære.*

(Submitted March 23, 1883 ; decided April 17, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 8, 1882, setting aside a decree of the surrogate of Dutchess county, which directed the executors of the estate of David Young, deceased, to set apart, for the use of his widow, the articles specified in the statute (2 R. S. 83, § 9). (Reported below, 27 Hun, 54.)

The executors refused to set aside any property of the estate because of an ante-nuptial agreement, the body of which is as follows:

" Whereas, a marriage is about to be had and solemnized between the said parties ; and the party of the first part is desirous of making provision for a fit and proper settlement to and for the use and benefit of the said Henrietta E. Tripp, his intended wife ; now, therefore, the said party of the first part doth hereby agree, that if the said marriage shall be had and solemnized as aforesaid, that the said Henrietta shall receive, have and be provided for as follows, to-wit :

" 1. She shall have, hold, retain and dispose, during her life or by will, of any and all property, real or personal, which she now has or may hereafter receive, or become entitled to as her own.

" 2. In case she should happen to survive the said David Young, he hereby agrees to make provision by his last will and testament, or otherwise, that she shall have and receive out of his estate the sum of $1,500, with interest from the day of his decease — in consideration of said marriage and also in lieu of dower, or her rights as widow in his estate ; and in case no such provision is made as aforesaid, then such sum is to be paid out of his estate, at all events by those who shall administer the same.

" 3. And the said Henrietta E. Tripp, in consideration of

the premises, hereby covenants and agrees that in case such sum of $1,500 shall be paid to her as aforesaid, in the event of her surviving said David Young, that she will accept and receive the same in full satisfaction of her dower in his estate, and shall bar her from claiming the same, either in his real or personal estate; and that she will execute and deliver any release or releases of such dower rights to his heirs at law, devisors, or legal representatives on demand thereof."

Young died leaving no children the issue of his marriage, and leaving a will in which he made provision as required by the said agreement.

*Allison Butts* for appellant. A testator cannot by his will defeat the provision which the law makes for the widow. (*Vedder* v. *Saxton*, 46 Barb. 188.) Under the statute the title of the widow to such exempt property when there is no minor child is absolute on the death of her husband, not only as against creditors and next of kin but against legatees. (*Vedder* v. *Saxton*, 46 Barb. 188.) A provision in the will of a husband in favor of the wife will never be construed by implication to be in lieu of dower, or any other interest in his estate given by law. The design to substitute one for the other must be unequivocally expressed. (*Sheldon* v. *Bliss*, 8 N. Y. 31; *Mills* v. *Mills*, 28 Barb. 454.) Parties about to celebrate a marriage cannot by ante-nuptial agreement deprive their children or any member of the family of this right given by the statute of exemption, and the intended wife could not make a contract which must deprive not only herself but also her family of the exempt property which the statute secures to them. (Dayton on Surrogates [3d ed.], 276; *Vedder* v. *Saxton*, 46 Barb. 188; Redfield on Surrogates [2d ed.], 409; *Kneetle* v. *Newcomb*, 22 N. Y. 249; *Harper* v. *Leal*, 10 How. 276; *Crawford* v. *Lockwood*, 9 id. 547; *Woodward* v. *Murray*, 18 Johns. 400; *Gray* v. *Hook*, 4 N. Y. 449; *Brill* v. *Leggett*, 7 id. 176.)

*Daniel W. Guernsey* for respondents. Contracts made be-

tween persons in contemplation of marriage remain after such marriage takes place, and will be enforced according to the obvious intent, however informally or irregularly they have been executed. (2 Hill's Ch. 3, 6; 3 Johns. Ch. 550; *Pierce* v. *Pierce*, 71 N. Y. 157; 1 Story's Eq. Jur., § 986; Waterman on Spec. Perf. of Contracts, 589.) An indorsement on an antenuptial agreement, subsequent to the marriage, cannot be regarded as a part of the original contract or as explanatory thereof. (Tyler on Infancy and Coverture, 460.)

DANFORTH, J. The parties intended by an ante-nuptial contract to avoid the effect of marriage upon their property relations, and this contract, however invalid at common law, remained in full force after marriage. (Laws of 1849, chap. 375, § 3.) Its purpose is very plain. There is first a promise that the woman shall retain as her own such property as she has when married, or which she might acquire or become entitled to after marriage, with full power of disposition. As to all that, she was to remain, as it were, a single woman. Next she agrees, if after marriage the man dies first, to accept the sum of $1,500 "in full satisfaction of her dower in his estate, and thereby be precluded from claiming the same either in his real or personal estate." On his part is a covenant to provide by will for the payment of this sum to her with interest from the day of his decease "in lieu of dower or her rights as widow in his estate," and if he fails to make such provision, that amount is to be paid to her from his estate "by those who shall administer" it.

While there is some difference in the phraseology of the covenants, the meaning is the same, and each expresses an intent that she shall take nothing as widow from his estate either as dower or any other interest given by law. Both parties were bound by this agreement, and on the part of the husband and his representatives it has been fully performed.

The question was within the jurisdiction of the surrogate and his authority "to direct and control the conduct  *  *  *  of executors" (Code, § 2472, subd. 3), and "to administer justice

in all matters relating to the affairs of decedents according to the provisions of the statutes relating thereto " (Code, § 2472, subd. 6), but we think he erred in holding that the plaintiff might take the specific articles given by statute to the widow of the deceased. Although not to be appraised, they were still part of his estate, and she was, by her agreement, estopped from claiming them. How this matter would be affected by the existence of minor children, or others interested, it is not necessary to determine.

It follows that the decree of the surrogate was properly vacated, and the judgment of the Supreme Court should be affirmed, with costs.

All concur.

Judgment affirmed.