In the Matter of the Estate of FRANCESCO C. TRIMBOLI, Deceased.

Surrogate's Court, Kings County, October 19, 1931.

*James C. Danzilo*, for the petitioner.

*Leibowitz & Shientag*, for the respondents.

WINGATE, S. So far as the research of the court has been able to disclose, the controversy in the case at bar is one of first impression in the courts of this State. It involves a claim by the widow of the decedent for delivery to her of exempt property under section 200 of the Surrogate's Court Act (as amd. by Laws of 1929,

chap. 229), which claim is made in opposition to the children of the decedent.

As demonstrated on the hearing herein, it appears that the decedent was twice married, all of the surviving children being the fruit of the first marriage. The first wife died leaving all of her property to her husband. After a time he remarried, and the second wife is the applicant herein. The relations between this second wife and the children of the decedent appear, to speak moderately, extremely strained. The facts disclosed indicate that the decedent was at all times in very modest circumstances, which condition was accentuated by reason of his long illness. The property claimed by his widow as exempt, and belonging to her by virtue of the terms of the statute, includes all of the assets of the estate.

Section 200, in providing for exemption, apparently contemplates that the necessities for the maintenance of the household shall be set off to the family as a unit. In this case, however, the family is not a unit, but consists of two warring elements, the widow on the one hand, and the children by the first marriage on the other.

Whereas the court might, under ordinary circumstances, be inclined, were it free to do so, to make some equitable allocation of the household property between the two contending factions, such action is foreclosed by reason of the express terms of the statute. So far as here material, this reads: " If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children." Then follow four subdivisions, enumerating the property so to be considered exempt. The concluding paragraph of the statute then reads: " Such property so set apart shall be the property of the surviving husband or wife, or of the minor child or children if there be no surviving husband or wife." The inevitable construction of the sentence last quoted is that if both a surviving spouse and minor children are living, the former is entitled to the exempt property to the exclusion of the latter.

The only matter for determination, therefore, in awarding to the widow the relief which she seeks, is as to whether the articles which belonged to the decedent and are enumerated in the petition, were actually the property of the deceased at the time of his death and are within the contemplation of the statute. Among the articles so enumerated are several items of jewelry. Such articles are not within the terms of the statute and in so far as they belonged to the decedent, are the property of his estate and cannot be awarded to the widow.

From the testimony adduced on the hearing, the court is satisfied and determines that certain other items enumerated in the petition did not belong to the decedent and were the individual property of certain of the children. These articles are eight army blankets, a sewing machine, a typewriter, a radio, a piano, a cigar stand and a set of books.

In so far as not herein excepted, such of the items of property enumerated in the petition as are now in existence will be turned over to the widow and she will also receive the thirty-six dollars in cash, which the executor has testified is the sole cash item left by the decedent.

Proceed accordingly.