In the. Matter of the Estate of FRANK O. BURRIDGE, Deceased.

In the Matter of the Estate of ANNA B. BURRIDGE, Deceased.

In the Matter of HARRY C. BASSLER, as Ancillary Administrator of the Estate of ANNA B. BURRIDGE, Deceased, Respondent.

HERBERT C. SMYTH, as Temporary Administrator of the Estate of FRANK O. BURRIDGE, Deceased, Appellant.

(Argued January 9, 1933; decided February 28, 1933.)

*Herbert C. Smyth, Jr.,* and *Frederick W. Bisgood* for appellant. The separation agreements operated as a release and waiver of the widow's exemption. (*Matter of Williams,* 31 App. Div. 617; *Wilcox* v. *Hawley,* 31 N. Y. 647; *Johnson* v. *Corbett,* 11 Paige Ch. 265; *Woodward* v. *Murray,* 18 Johns. 400; *Kneetle* v. *Newcomb,* 22 N. Y. 249; *Becker* v. *Becker,* 47 Barb. 497; *Matter of Wylie,* 187 App. Div. 841; *Matter of Kiltz,* 125 Misc. Rep. 475; *Matter of Hagen,* 119 Misc. Rep. 770; 206 App. Div. 682; *Matter of Klein,* 121 Misc. Rep. 568.)

*Isidor Lazarus* and *Albert Mintzer* for respondent. The separation agreements did not operate as a release or waiver of the widow's exemption. (*Matter of Osborn,* 220 N. Y. 595; *Matter of Shulenberg,* 114 Misc. Rep. 155; *Matter of Shedd,* 60 Hun, 367; 133 N. Y. 601; *Obendorf* v. *Farmers' Loan & Trust Co.,* 71 Misc. Rep. 64; *Matter of Hulse,* 41 Misc. Rep. 307; *Matter of Belcher,* 129 Misc. Rep. 218; *Matter of Rosenthal,* 141 Misc. Rep. 404; *Matter of McClelland,* 154 Misc. Rep. 166; *Matter of Tangerman,* 226 App. Div. 162; *Matter of Mersereau,* 38 Misc. Rep. 208; *Matter of Crouse,* 244 N. Y. 400.)

LEHMAN, J. Frank O. Burridge died on the 25th day of September, 1930. He left a widow him surviving, who died on November 26th in the same year. After her death her administrator brought this proceeding, claiming, on behalf of her estate, the exemptions allowed under section 200 of the Surrogate's Court Act.

This section provides that " if a person *having a family* die, leaving a widow or husband, or minor child or children, the following articles shall not be deemed assets, but must be included and stated in the inventory of the estate as property set off to such widow, husband minor child or children." In the light of the history of the statute there can be no doubt that the exemptions were intended, primarily, to provide for the comfort and support of the family when the owner of the property, which has been

used for family support and comfort, dies. (*Wilcox* v. *Hawley*, 31 N. Y. 648; *Becker* v. *Becker*, 47 Barb. 497.) However broad the definition we may give to the word " family " as used in the statute, yet by the terms of the statute itself, the exemption is granted where a person " *having a family* " dies. It is not enough that the decedent leaves a widow or husband or minor child or children. There must be a bond, however loose, which creates a collective " family."

Here the bond was certainly very loose. Husband and wife entered into a separation agreement in 1917. In that agreement the husband made provision for the support of his wife during *his* life and the wife accepted that provision " in lieu of any and all other claim and provision for her support." In 1929 the parties entered into a new separation agreement by which the husband promised to pay the wife a larger sum each year for her support during *her* life and provided that the promise should be binding upon his heirs, executors, administrators and assigns, and the wife agreed " to accept all the provisions herein made in lieu of all other claim and provision for her support " and, in a separate paragraph, renounced all rights of dower in his real estate.

Doubtless the marriage ceremony creates a family bond which can be severed only by judicial decree. In that sense husband and wife constitute a " family " so long as the marriage continues in existence. The law affixes to the marriage contract rights and obligations, both of property and person, and, in general, these rights and obligations constitute the foundation of the family. The parties may by agreement determine the manner in which the obligations of marriage shall be performed, but they cannot destroy the obligations which the law has affixed to the marriage contract. Even where husband and wife have lived apart for ten years without the husband contributing to the support of the wife, we have held that the family bond is not severed, and the wife is

entitled to claim the statutory exemption from her husband's estate. (*Matter of Shedd*, 60 Hun, 367, 368; affd. on opinion below, 133 N. Y. 601.) Even where the husband has formally agreed to live apart from his wife, at her death he may claim the same exemption. (*Matter of Osborn*, 220 N. Y. 595.) In those cases, however, there was no provision made as to the manner in which the husband should carry out his obligation to support his wife and no agreement, by either party, to renounce any claim against the estate of the other.

The situation here presented is different. The parties here have not only agreed to live apart but have determined the manner in which the husband shall meet his obligation to support his wife, and in return the wife has accepted the stipulated provision for her support in lieu of " all other claim and provision for her support " as well as in lieu of her dower right. Nevertheless the obligation to support in some form continued during the husband's life and the family bond was not entirely severed so long as mutual rights and obligations continued. The courts of this State have uniformly held that husband and wife constitute a family so long as the marital rights and obligations continue, regardless of agreement, express or implied, between the parties as to the manner in which those obligations shall be performed.

The question remains whether the wife has voluntarily relinquished her right to claim the exemption. We have held that a wife may do so effectually where she accepts other provision for her support in lieu of her right to claim personal property from his estate. (*Matter of Young* v. *Hicks*, 92 N. Y. 235.) Marital rights and obligations end with the life of either party to the marriage, but the State may still determine the division of their property after death. An agreement of a wife that she shall accept in lieu of other provision for her support a sum fixed by agreement, to be paid while *both* parties live and the husband's obligation to support continues, is fairly open to the construction that the wife still intends to retain

such rights against the husband's estate after his death as the law has conferred upon her. The situation is different where provision for support of the wife, to continue after the husband's obligation to support is at an end, and to be paid after the husband's death out of his estate, is accepted in lieu of all other claim or provision for support. Then the stipulated provision for the support of the wife from her husband's estate takes the place of the provision to which under the law of the State the wife would otherwise be entitled. Other construction of the language of the contract would be forced and unreasonable. (Cf. *Matter of Young* v. *Hicks, supra; Girard* v. *Girard,* 29 N. M. 189.) The contract contemplates and provides for that situation after the husband's death, and should be construed accordingly.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the application denied, with costs in all courts to both parties payable out of the estate.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., dissents.

Ordered accordingly.