In the Matter of the Estate of NUNZIATA LANZA, Deceased.

Surrogate's Court, Kings County, October 6, 1933.

*Frederick W. McGowan*, for the National Surety Corporation.

*Carlo Di Domenico*, petitioner in person.

WINGATE, S. The present proceeding by an undertaker for summary payment of his bill for conducting the funeral of the deceased is typical of an apparently increasing number of similar applications. Since the petition upon which the relief is sought is fatally defective in certain particulars which are by no means uncommon, it may be of some general utility to point out the essential prerequisites to such relief.

The subject is regulated by section 216 of the Surrogate's Court Act, as amended by chapter 439 of the Laws of 1933. This enactment establishes that " the *reasonable* funeral expenses of decedent " are a preferred claim against the assets of his estate, entitled to be paid prior to any solution of debts and claims existing at the death of the decedent.

The summary remedy granted by the section permits an undertaker who has not been paid within sixty days subsequent to the grant of letters, to petition for such relief.

The conditions precedent to the granting of such summary relief by the surrogate are demonstrations, *first*, that the estate fiduciary " has received moneys * * * which are applicable to the payment of the claims," and, *second*, that such fiduciary " admits

the validity of the claim  *  *  *  and the reasonableness of the amount thereof."

On the familiar basic principle that an allegation in a pleading which is not denied by answer stands admitted for the purpose of the litigation (Surr. Ct. Act, § 76; *Merritt* v. *Lyon*, 16 Wend. 405, 407; *Matter of French*, Foley, S., 119 Misc. 445, 446), it follows that where, as in the present case, no answer whatsoever has been interposed, the relief prayed must be granted if the statements of fact set forth in the petition satisfy the statutory prerequisites.

In spite, however, of a default in appearance or answer by the fiduciary, a very real obligation is imposed upon the court to guard, so far as possible, the assets of the estate in the interest of those justly entitled thereto. The preference granted by law in the payment of funeral expenses is only to a " reasonable " sum, when the question is viewed in relation to the circumstances of the decedent and the size of his estate. (*Matter of Smallman*, 138 Misc. 889, 893, 894; *Matter of Larney*, 148 id. 871.) This is a question of mixed law and fact which requires judicial intervention for its determination. It is a question in which the estate fiduciary is vitally interested since if he pays for the performance of this office a sum in excess of that which is reasonable under all the circumstances of the case, he is subject to surcharge upon the objection either of a creditor or a legatee.

It is a familiar rule of law that an estate fiduciary is subject to a duty to interpose any available defense to any demand which is made upon the assets in his charge under penalty of personal liability in the event of failure so to do. (*Matter of Schrier*, 147 Misc. 539, 540.) This is merely a particular application of the primary principle that he must manage the affairs of the estate in the manner in which the average man of prudence and intelligence would conduct his own like matters. (*Matter of McCafferty*, 147 Misc. 179, 202, 203; *Matter of Taft*, 144 id. 896, 898.) This principle is as pertinent to applications of the present type as to any other variety of claim, and were an executor or administrator to suffer such an order to be entered for the payment of an unreasonably large sum, either by reason of his default in answer or failure to raise the issue, his personal responsibility therefor would be inevitable.

Turning now to the instant application, the default in answer of the representative establishes the truth of the allegations of fact of the petition and inferences reasonably deducible therefrom but no more. So viewed, are the two conditions precedent to the granting of the order, above enumerated, satisfied by the undenied allegations?

The first noted requirement is a showing that the estate fiduciary has received moneys which are applicable to the payment of the claim. The only allegation bearing upon this point is contained in the " tenth " paragraph of the petition, which reads: " That your petitioner verily believes that there is now on deposit sufficient funds to the credit of the estate of said deceased to satisfy said claim." This is not an allegation of fact but merely one of the mental state of the petitioner, and the failure to deny this allegation merely admits this mental state without in any way admitting anything whatsoever in respect to the fact at which this mental state is directed. Had the petition alleged that funds sufficient to satisfy the claim were in the hands of the fiduciary, this would have been an allegation of pertinent fact even though its basis was merely the information and belief of the affiant. This, however, has not been done. Even such an allegation, however, would not have sufficed to permit the court to issue the desired order. It is not a question whether the total sum in the hands of the fiduciary is " sufficient " for the solution of the claim, but whether the funds so in hand " applicable to the payment of the claims " are sufficient. While the reasonable funeral charges are preferred over all obligations of the decedent existing at his death, they are not entitled to priority over expenses of administration. (*Matter of Tangerman*, 226 App. Div. 162, 164.) A situation may well exist, therefore, where the administrator might have in his hands a sum equal to the demand of the undertaker and yet, by reason of the existence of obligations arising from administration, not be entitled to be paid the amount of his claim.

Compliance by the present petition with the second noted prerequisite to the relief sought is, if anything, even more defective than that in relation to the first. This is to the effect that the fiduciary " admits the validity of the claim * * * and the reasonableness of the amount thereof." There is no allegation meeting this requirement, the only included statement being an alleged communication from " the attorney for the administrator " that the surety on the latter's bond refused to permit the payment " due to the alleged excessive amount of same," that such amount was reduced somewhat, and the " surety still refuses." This falls far short of the admission of validity and reasonableness contemplated by the statute.

It follows that the petition is fatally defective and the petition must be denied.

Proceed accordingly.