In the Matter of the Estate of AUGUSTUS MACKENZIE, Deceased.

Surrogate's Court, Kings County, February 27, 1936.

*Daniel G. Connolly,* for the widow, Ethel Mackenzie, petitioner for statutory widow's exemption.

*Purdy & Purdy,* for Augustus Mackenzie, Jr., individually and as proponent of the last will and testament of Augustus Mackenzie.

*Sullivan & Cromwell,* for Marine Midland Trust Company of New York, temporary administrator of the estate of Augustus Mackenzie.

*Herbert Peake,* special guardian for infants, Pauline Mackenzie and Augustus Mackenzie, grandchildren, appears and does not oppose.

*Foley & Martin,* for Frederick J. Mackenzie, son.

*Daniel G. Connolly,* for Dorothy E. Mackenzie, legatee and daughter, and for Caroline G. Mackenzie, as administratrix of Donald Mackenzie, deceased son of decedent.

WINGATE, S.   One of the interesting recent developments in the law relating to decedents' estates is the extent to which the bar, and, correspondingly, the general public, have become exemption conscious.   Whereas this is no doubt largely due to the increased financial stringency attendant upon the recent depression, yet it seems unquestionable that the increase in the amount of the pecuniary allowance effected by chapter 229 of the Laws of 1929 has been a potent contributing factor.

The first exemption statute enacted in this State is found in the Revised Statutes (Part 2, chap. 6, tit. 3, art. 1, §§ 9, 10; 2 R. S. 83, §§ 9, 10).   Its language is important as demonstrating the continuity of legislative thought on the subject during the period of more than a century which has succeeded its enactment.   It reads as follows:

" § 9. Where a man, having a family, shall die, leaving a widow, or a minor child or children, the following articles shall not be deemed assets, but shall be included and stated in the inventory of the estate, without being appraised:

" 1. All spinning wheels, weaving looms, and stoves, put up, or kept, for use by his family.

" 2. The family bible, family pictures, and school books used by or in the family of such deceased person; and books, not exceeding in value fifty dollars, which were kept and used as part of the family library, before the decease of such person.

" 3. All sheep, to the number of ten, with their fleeces, and the yarn and cloth manufactured from the same; one cow; two swine, and the pork of such swine.

" 4. All necessary wearing apparel, beds, bedsteads, and bedding; necessary cooking utensils; the clothing of the family; the clothes of a widow, and her ornaments proper for her station; one table, six

chairs, six knives and forks, six plates, six teacups and saucers, one sugar dish, one milk pot, one teapot and six spoons.

" § 10. The said articles shall remain in the possession of the widow, if there be one, during the time she shall live with, and provide for, such minor child or children. When she shall cease so to do, she shall be allowed to retain as her own, her wearing apparel, her ornaments and one bed, bedstead and the bedding for the same; and the other articles so exempted, shall then belong to such minor child or children. If there be a widow, and no such minor child, then the said articles shall belong to such widow."

Except for the inevitable changes in the exempted articles which have been made necessary by the altered standards of living which have come into being during the intervening century, and the different status and extended rights of women which have come to be recognized in the interval, this early statute is substantially identical with that now in force.

Under the law effective in 1936 as under that in force in 1836, or on any given intermediate date, three, and only three, issues relating to this subject are capable of being raised. Enumerated in the order of treatment in the several enactments, these are, *first*, whether the situation of the decedent at the time of his death was such as to bring into effect the provisions of law making certain portions of his possessions classifiable as " exempt " property; *second*, what items of property are to be included in the " exempt " category; and *third*, whether the claimant is a person to whom such exempt property will be awarded. Whereas the determination of the first and third of these questions may, in part, depend on similar basic facts, they are essentially distinct.

The question of the second class is seldom presented for adjudication since the enumerations of the exempt properties as set forth in the gradually broadened enactments, have ever been explicit and readily comprehensible, wherefore there is seldom opportunity for differences of opinion as to whether a particular item is, or is not, within the legislative contemplation. The only recent instances of the litigation of a question of this type raised the issue as to whether an automobile, not used for business purposes, was included in the description of " one motor vehicle or tractor " in subdivision 3 of the present section 200. (*Matter of Blowstein*, 147 Misc. 870, 872; *Matter of Benjamin*, 150 id. 857, 858.)

The third variety of issue, as to whether a particular person is entitled to receive the exempt property, has been the subject of much more extensive and varied litigation. Perhaps the most frequently contested question in this category concerns the right of

an abandoning spouse to receive property of this description from the estate of the one abandoned. (*Matter of Sitkin*, 151 Misc. 448; *Matter of Barnes*, 149 id. 149; *Matter of Zolessi*, 154 id. 313.) Whereas this issue has, at times, been decided as though the subject-matter involved properly appertained to the first class of questions, this court cannot concur in this method of consideration (*Matter of Goldman*, 158 Misc. 497), believing that such treatment is unnecessary to a just result and is conducive to fiction in conflict with inescapable fact. Other frequent cases of this type concern the effectiveness, as bars to the assertion of the right, of documents releasing claims against the decedent or his estate. (*Matter of Burridge*, 261 N. Y. 225, 228; *Matter of Sachs*, 155 Misc. 233.) Finally, there is the somewhat unusual type of litigation in which the relative rights of the surviving spouse and of minor children are involved. (*Matter of Trimboli*, 141 Misc. 895.) In all litigations of the type here under consideration, the decedent unquestionably died leaving " a family " within the definition of *Kain* v. *Fisher* (6 N. Y. 597, 598), since he was survived by a spouse of an undissolved marriage, and, except in the last cited case, the sole question for decision was as to whether the acts of the survivor interposed an equitable or legal bar inhibiting the effectuation in his or her behalf of the statutory grant.

The facts of the present case differ from the two types of issues hereinbefore considered, and place it squarely within the first class. The petitioning wife intermarried with the decedent on December 16, 1896. On October 30, 1916, she was granted a decree of separation from bed and board against the decedent in an action in the Supreme Court instituted by her for that purpose. This decree awarded her alimony at the rate of $5,000 a year, together with the custody of the children of the marriage. It was never abrogated or modified either judicially or by act of the parties, and the petitioner and decedent after its entry established separate residences and never thereafter lived together.

The answers of the wife's opponents in the present proceeding traverse her right to the exemptions claimed, on the express ground that the decedent was not " ' a person having a family ' within the meaning of section 200 of the Surrogate's Court Act." An issue is, therefore, presented which falls squarely within the first class of cases above noted, namely, as to whether the situation of the decedent at the time of his death was such as to bring into effect the provisions of law making certain portions of his possessions classifiable as " exempt " property.

It has been said in certain cases falling into the third classification that the changes which have been made in the exemption statutes

during the past century have been so marked as to render many of the previous decisions unreliable guides for adjudication. Unquestionably this is true in respect to many issues which might arise under the second, and to a less extent, under the third classification. The extent to which this is true in respect to the first is obviously a pertinent question for present examination.

The text of the enactment contained in the Revised Statutes has already been given. In the presently applicable statute, as in the one enacted over a century ago, it is the first paragraph alone which must determine whether or not a particular decedent is in the category of those, certain portions of whose property is " exempt." As presently effective, this reads: " If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children."

That the introductory paragraphs of the two enactments which, as stated, create the rights are strikingly identical will be seen by a super-imposition of their phraseology, identical wording being shown in ordinary type, language of the Revised Statutes subsequently omitted being inclosed in parentheses, and new language of the present statute being shown in italics. This process gives the following result: (Where) *if* a (man) *person*, having a family (shall) die, leaving a widow *or husband*, or (a) minor child or children, the following articles shall not be deemed assets, but (shall) *must* be included and stated in the inventory of the estate (without being appraised) *as property set off to such widow, husband or minor child or children.*

This process demonstrates conclusively that the effect of the present statute, in this regard, so far as it concerns the estate of a deceased husband, is absolutely identical with that of one hundred years ago. In spite of the inference arising from this demonstration that the law in this regard has remained unchanged during the entire period that statutes on the subject have been in force in this State, positive assurance to this effect would be wanting in the absence of an examination of the various amending acts which have been passed in the interval.

The first was section 2 of chapter 157 of the Laws of 1842, which merely added the pecuniary exemption of $150. The result of section 13 of chapter 782 of the Laws of 1867 was only to make applicable to the estate of a woman the exemptions in favor of her minor children theretofore in force in respect to a male decedent. Chapter 470 of the Laws of 1874 re-enacted *in hæc verba* the introductory clause under consideration as originally incorporated in the

Revised Statutes. Chapter 630 of the Laws of 1887 extended the right to exemptions to a surviving husband, altering in this respect the amendment of 1867. While certain verbal changes were made in the law by section 2 of chapter 406 of the Laws of 1889, none were pertinent to the present question. The same observations apply to the enactments contained in section 2 of chapter 173 of the Laws of 1890 and chapter 686 of the Laws of 1893, which latter perpetuated the existing law as section 2713 of the so-called " old " Code of Civil Procedure. On the revision of the Code by chapter 443 of the Laws of 1914, the first paragraph of the section was rephrased in its present form and carried into the later Code as section 2670, from which it was bodily transplanted by chapter 928 of the Laws of 1920 into its present location in the Surrogate's Court Act.

This examination demonstrates that during the entire legal history of the State the connotation and effect of this portion of the enactment has continued wholly unchanged, wherefore any adjudications on the subject here under consideration are as presently pertinent as they were at the time of their rendition.

Although unnoted by any of the parties to this proceeding, a pertinent authoritative precedent is found in *Matter of Spencer* (126 App. Div. 921), the memorandum opinion in which reads: " decedent, notwithstanding the fact that appellant had obtained a judicial decree of separation from him some years before his death and that he had not since such decree contributed to her support, died ' having a family ' and ' leaving a widow ' within the meaning of section 2713 of the Code of Civil Procedure."

In view of this determination, further consideration of the present issue is now foreclosed to a court of first impression on principles of *stare decisis*. Lest, however, it be thought that this court yields a reluctant assent to *vis major*, in this connection, the discussion will be somewhat extended.

As has heretofore been noted, the Court of Appeals, in *Kain* v. *Fisher* (6 N. Y. 597, 598), held that a man died leaving " a family " within the contemplation of this statute where a wife, only, survived him. Consonant pronouncements are contained in many other cases, among which may be noted *Matter of Shedd* (60 Hun, 367; affd. on opinion below, 133 N. Y. 601) and *Matter of Osborn* (220 id. 595), both of which were cited with approval by the Court of Appeals in its recent opinion in *Matter of Burridge* (261 N. Y. 225, 228). If, therefore, the possession of a wife constitutes possession of a family, the sole question at issue is as to whether a decree of separation *a mensa et thoro* divests a spouse of such consort. In this connection the language of the Court of Appeals in *People ex rel. Commissioners* v. *Cullen* (153 N. Y. 629) becomes pertinent.

This proceeding concerned the mutual rights and liabilities of the parties to a decree of separation. The court said (at p. 636): " The judgment in the divorce action did not dissolve the marriage. The parties still remained husband and wife in the eye of the law. Neither the husband nor the wife was competent to contract a new marriage." Again (on p. 637): "An action for a limited divorce is really an appeal to a court of equity by one of the parties to a marriage contract for a modification of the marriage relations, duties and obligations as they exist at common law." (See, also, *Matter of Mosley*, 138 Misc. 847, 850.)

Employing these authorities as premises, the logical syllogism reaching the conclusion that the present applicant is entitled to the relief prayed, becomes conclusive, and may be stated as follows: A wife living separate under a decree of separation is still a wife; where a person leaves a wife he dies leaving a family within the contemplation of section 200; a surviving wife is entitled to the exemptions specified in that statute; therefore, the present petitioner, being a separated wife, is entitled to such exemptions. This result is in accordance with the reasoning in *Matter of Burridge* (261 N. Y. 225, 227), since no sound distinction can be drawn between a separation pursuant to a decree and one based on agreement of the parties. In both the marriage relation persists; in both the customary obligations attendant upon the relationship are modified.

It is, therefore, the conclusion of this court that a decedent has a family within the contemplation of section 200 of the Surrogate's Court Act if, at the time of death, he or she has a spouse or minor child to whom a legal obligation arising out of the family relation is owed, and this irrespective of whether such obligation is based on common-law principles or is defined by voluntary agreement or judicial decree.

The right of the present petitioner to the exemptions specified in section 200 of the Surrogate's Court Act is accordingly sustained.

Enter decree on notice.