In the Matter of the Estate of ARTHUR GUSTAV SCHOENFELDER, Deceased.

Surrogate's Court, Kings County, January 14, 1937.

*K. Frederick Gross,* committee of the estate of Lillian Schoenfelder, incompetent widow, appearing in person as the petitioner.

*Leo J. Friedman,* for Alfred E. Peterson, executor, respondent.

WINGATE, S.  As is pointed out in the able memorandum of the attorney for the executor, the operation of section 200 of the Surrogate's Court Act produces a somewhat anomalous result on the very unusual facts of the present case.

Unquestionably the underlying theory motivating the enactment was the award of the essential necessities for continuation of the family unit.  The reason for the statute, however, becomes immaterial, if the effectuation of the unmistakable terms of the act comes in conflict therewith, and the remedy for the condition, if the question is of sufficient importance to warrant the adoption of such a course, is legislative and not judicial.

Although the surviving spouse in the case at bar was incompetent at the time of the death of the decedent, she was still his wife, and a person who has a wife has a family within the connotation of the statute.  As this subject was fully considered and pertinent authorities reviewed in the recent opinion of this court in *Matter of Mackenzie* (158 Misc. 543), the subject will not be further elaborated at this time.

Since the decedent died " having a family," the terms of the statute apply and the specified property becomes that of the surviving spouse irrespective of the possibly conflicting interests of children.  (*Matter of Trimboli*, 141 Misc. 895, 896.)

It is asserted that the gross estate amounts only to $849.44, representing the proceeds of an insurance policy, and that the funeral expenses of the deceased totaled $300.22.  Even granting the reasonableness of this charge, which question is expressly not decided, it is obvious that it is capable of payment without encroaching on the $300 exemption granted the widow under subdivision 4.  By its terms the rights of the widow to this sum are postponed only to the reasonable funeral expenses of the decedent.

The respondent argues that in the ordinary administration of an estate, administration expenses are preferred over the funeral bill, which is unquestionably so (*Matter of Tangerman*, 226 App. Div. 162, 164; *Matter of Lanza*, 149 Misc. 95, 98; *Matter of Rothstein*, 151 id. 466, 468, DELEHANTY, S.; *Matter of Matyasz*, Id. 370, 377; *Matter of Derry*, 161 id. 135, 140), and with this as a premise, contends that since the pecuniary exemption under subdivision 4 is potentially postponable to funeral expenses, it should also be postponed to administration costs.

This position, while possessing certain logical merit, is legally unsound.  The surviving spouse receives an express grant pursuant to statutory fiat which is made subject only to a single condition, namely, that the assets in the estate shall be insufficient to pay the reasonable funeral expenses.  So long as this conditional limitation

is absent, the right of the widow may not be defeated and it is wholly immaterial, if there are sufficient assets in the estate for this purpose that the subsequent exigencies of the case necessitate their diversion to other uses.

The object of the statute in the usual case, as has frequently been indicated, is to permit the continuance of the family unit for a brief period subsequent to this death. (*Matter of Williams*, 31 App. Div. 617, 621; *Matter of Benjamin*, 150 Misc. 857, 858; *Matter of Levine*, 157 id. 454, 455.)

This purpose would frequently be defeated were the award to be postponed until the administration of the estate had been completed. The articles and small sum of money exempted are not assets of the estate. (*Matter of Hallenbeck*, 195 N. Y. 143, 145; *Crawford* v. *Nassoy*, 173 id. 163, 166; *Matter of Jacobs*, 154 Misc. 362, 363), but devolve directly to the widow on death (*Matter of McNamara*, 138 Misc. 526, 533, and authorities cited) in a manner somewhat loosely analogous to the devolution of entirety realty. They may be recalled by the executor or administrator from the statutory recipient only in one contingency, namely, if the assets properly in his hands are insufficient for the decent interment of the decedent in which a public interest is involved.

It follows, in the case at bar, that the demonstration of facts on the pleadings is sufficient to warrant a recovery of the $300 exemption by the committee of the incompetent wife.

In addition to the affirmative defense on which the argument and decision have been predicated, the answer of the executor contains certain categorical denials of essential allegations of the petition which, if pressed, can be determined only on a hearing.

His motion for judgment on the pleadings is accordingly denied, and the issues may be set down for trial by either party on usual notice.

Enter order on notice in conformity herewith.