In the Matter of the Estate of JOSEPH ZALEWSKI, Deceased.

Surrogate's Court, Kings County, October 22, 1941.

*Isidor H. Taylor*, for Charles Zalewski, as executor, etc., petitioner.

*Blum & Jolles*, for the Consul General of the Republic of Poland, objectant.

WINGATE, S. The main question presented for determination in this proceeding involves the novel issue of whether or not a foreign consul in New York, acting solely pursuant to his authority under the treaty between his country and the government of the

United States, and without any direct authorization by, nor, indeed, communication from, his national, may validly exercise on her behalf the right accorded by section 18 of the Decedent Estate Law to a surviving spouse to take in contravention of the will of her deceased husband where the instrument has not made the stipulated minimum provision for her.

The facts disclosed by the record respecting the relations of the decedent and the alleged widow are extremely meagre. Were they of vital importance to a determination, a hearing must have been directed for their development. Since they are not, the court will assume that the statements in this regard which are contained in the memorandum of the accountant and which are not disputed in that of his opponent, are correct. This recital states that upwards of forty years ago, the decedent, a resident of Warsaw, Poland, and then married to Felicja Zalewski, migrated to this country. His wife remained in Poland and never came to the United States. This is the sole indication of her existence from that day to this, except that she was served by publication in connection with the affairs of this estate. She has performed no act whatsoever in respect of the estate and has never personally authorized any one to appear for her.

Acting solely pursuant to the rights in this regard which are accorded to him by the terms of the treaty between the government of the Republic of Poland and that of the United States, the Polish Consul General in New York, purportedly " acting on behalf of the surviving spouse," executed in his own name and filed with the executor a notice assuming to " exercise the personal right of election given the said Felicja Zalewski pursuant to the provisions of Section 18 of the Decedent Estate Law * * *." The issue is sharply drawn as to his authority to exercise this right on her behalf.

No contention has been advanced that the conduct of the widow in the separation of the spouses or subsequently, amounted to an abandonment or that, if alive, her right to elect has been forfeited pursuant to the provisions of subdivisions 3 or 5 of section 18 of the Decedent Estate Law. No indication has been made that she is actually alive, and in this connection the consul relies solely on the inference of continuance of a condition demonstrated to have been in existence at a previous time (*Matter of Callahan*, 142 Misc. 28, 35, 36; affd., 236 App. Div. 814; affd., 262 N. Y. 524; *Matter of Auditore*, 136 Misc. 664, 672; affd., 233 App. Div. 740; *Matter of Enggren*, 174 Misc. 194, 197) which has frequently been applied to questions respecting the continuance of life of a given individual. (*Young* v. *Shulenberg*, 165 N. Y. 385, 389; *O'Gara*

v. *Eisenlohr*, 38 id. 296, 299; *Dietrich* v. *Dietrich*, 128 App. Div. 564, 571; *Dworsky* v. *Arndtstein*, 29 id. 274, 278; *Matter of Shupack*, 158 Misc. 873, 891; *Matter of Katz*, 135 id. 861, 867.) In the absence of any other demonstration in the record, this must be deemed to control in the present case despite the terrible occurrences which have transpired in Poland and particularly in Warsaw in recent times, which may well be viewed as weakening the inference of the probability of the continued life of a person there resident.

Nor can it be held that these events which have resulted in the displacement of the legitimate governmental authorities of the Republic of Poland and the dominance of its territory by alien invaders, have terminated the rights of the consular representatives of that country to act for their nationals pursuant to the terms of the treaty. " So long as the State Department of the United States Government continues to recognize the diplomatic and consular representatives of the Republic of Poland, the terms of the treaty are binding and subject to enforcement in this and all other courts of this State." (*Matter of Schurz*, 28 N. Y. Supp. [2d] 165, 166, not otherwise reported.)

It is a familiar principle of law that foreign consular representatives are deemed international attorneys in fact for their nationals (*The Bello Corrunes*, 6 Wheat. 152, 158; Butler N. Y. Surrogate Law & Practice, § 1751), but whereas it has been held that irrespective of the terms of any specific treaty, and solely by virtue of their offices, they possess authority to guard the property of their respective nationals (*Rocca* v. *Thompson*, 223 U. S. 317, 331; *Matter of D'Adamo*, 212 N. Y. 214, 223), they, like the usual variety of attorneys in fact, must be able to point to some express authorization to warrant their exercise of more extensive powers. Such additional authority, if conferred, must be found in the treaties between their governments and that of the United States.

The pertinent provision in this connection which is contained in the treaty between the Republic of Poland and that of the United States (signed June 15, 1931) is found in article XXIV thereof, which reads: " A consular officer of either High Contracting Party shall, within his district, have the right to appear personally or by delegate in all matters concerning the administration and distribution of the estate of a deceased person under the jurisdiction of the local authorities for all such heirs or legatees in said estate, either minors or adults, as may be non-residents and nationals of the country represented by the said consular officer with the same effect as if he held their power of attorney to represent them unless such heirs or legatees themselves have appeared either in person or by duly authorized representative."

It is noteworthy from the foregoing provision that the only persons on whose behalf the consul is authorized to appear are " heirs " and " legatees " of a particular estate. These terms are words of art, and in the absence of an indication of having been used in a diverse sense, must be accorded their primary meanings of persons entitled to intestate distribution on the one hand, or testate participation on the other. That such was the intended effect of the language is further indicated by the fact that no authorization is included for the representation of creditors or persons who may be interested in the estate other than in the two specified capacities.

In the present instance, the consul does not purport to act on behalf of the widow in her capacity as legatee, nor can it be said that his interposition was on behalf of an " heir " or, to use the presently current equivalent, intestate distributee. The testator left a valid will disposing of all of his property, wherefore, there could be no intestate distributees of his estate. To argue that a partial intestacy is created by the act of the consul in appearing for the widow and electing to invoke the provisions of section 18 on her behalf, is merely reasoning in a circle and wholly begs the question of his authority to represent her, not as a " legatee " or " heir " but as a surviving spouse. The treaty no more accords him such a right than it authorizes his appearance on her behalf as a creditor.

Section 18 of the Decedent Estate Law grants to certain surviving spouses a " personal " right to claim sums in excess of those given in wills of their decedent spouses in certain carefully enumerated situations. The " personal " nature of this privilege has uniformly been stressed. (*Matter of Mihlman*, 140 Misc. 535, 538; *Matter of Zweig*, 145 id. 839, 859; *Matter of Hearn*, 158 id. 370, 376, 377; *Matter of Ackler*, 168 id. 623, 626, 627; *Matter of Brill*, 175 id. 236, 237; *Matter of Youngs*, Id. 716, 717.) No doubt the ministerial acts of effectuating the decision to elect may be performed by an attorney if he is especially authorized so to do, but the decision itself must be made by the individual to whom the right has been accorded by the statute except in the two situations in which she is an infant or incompetent. In these exceptional cases express provision for action by others has been inserted in the statute. (Dec. Est. Law, § 18, subd. 6.) The failure to include alternate exceptions in the statute for other situations in which personal action is impossible or fraught with difficulty argues a legislative intent, by application of the principle *inclusio unius est exclusio alterius* (*Matter of Kennedy*, 149 Misc. 188, 189; *Matter of Burger*, 155 id. 503, 506), to limit them to those enumerated.

The right accorded by section 18 of the Decedent Estate Law is carefully denominated a " personal " right. Privileges of this nature are frequently encountered in the law and have invariably been construed as requiring personal action by the benefited individual for their exercise. Familiar examples of this rule are found in the right to invoke section 17 of the Decedent Estate Law authorizing objection to gifts of more than half of an estate to charity (*Amherst College* v. *Ritch*, 151 N. Y. 282, 285; *Matter of Hills*, 264 id. 349, 354; *Matter of De Lamar*, 203 App. Div. 638, 641), the right to plead usury (*Amherst College* v. *Ritch, supra*, 325), the privilege of pleading infancy (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201, 211; *Matter of Ziemba*, 165 Misc. 853, 857; *Slocum* v. *Hooker*, 13 Barb. 536, 537), etc. In all of these and many other similar situations it is not uncommon that the person to whom the individual right is given may prefer not to exercise it for reasons of sentiment or otherwise. In any event, the " choice of waiver or assertion of the right rests with the individual upon whom the right has been conferred by law " (*Matter of Hills, supra*, 354), and where a question of personal choice is involved its exercise must rest upon the decision of the individual to whom such privilege of choice has been granted in the absence of an express grant of authority to some other person to make the relevant decision on his behalf. (*Matter of Donnelly*, 172 Misc. 107, 110.)

In the present situation, no such right of choice has been accorded to the consul either by reason of his international status or under the terms of the treaty pursuant to which he has purported to act. The court accordingly determines that the notice of election filed by him is ineffectual to subvert the expressed testamentary wishes of the decedent.

His claim on behalf of the widow to the statutory exemptions under section 200 of the Surrogate's Court Act, however, stands on a different footing. The property therein enumerated is expressly stated not to be assets of the estate but of the surviving spouse. The only conditions on her right to its award are that she shall not be one whose conduct has deprived her of the right of inheritance, or that the avails are necessarily of use for defrayal of the funeral expenses of the deceased. Neither of these divesting conditions is here present.

Since the decedent died leaving a wife from whom he was not judicially separated, he died leaving a " family " within the contemplation of the enactment (*Kain* v. *Fisher*, 6 N. Y. 597, 598; *Matter of Spencer*, 126 App. Div. 921; *Matter of Mackenzie*, 158 Misc. 543, 549; see, also, *Matter of Burridge*, 261 N. Y. 225, 227; *Matter of Shedd*, 60 Hun, 367; affd., on opinion below, 133 N. Y. 601;

*Matter of Osborn,* 220 id. 595), with the result that the property and money specified in the section became hers by operation of law upon his death and are subject to protection and conservation by the consul as a vested property right belonging to one of his nationals.

The court is in agreement with the position of all parties that the legacy under the " Fourth " item of the will to the decedent's brother Wladyslaw Zalewski is vested, and that it is now payable to the city treasurer for his benefit pursuant to the provisions of section 269 of the Surrogate's Court Act.

The personal claim of the accountant in the sum of ninety-six dollars has been proved to the reasonable satisfaction of the court and its payment will be approved.

In the absence of objection the compensation and reimbursement of the attorney for the accountant will be fixed in the sums requested.

Enter decree on notice in conformity herewith.