Harry G. Herman, S.
The following facts were stipulated by counsel at the hearing: Decedent died a resident of Elmsford, New York on March 5, 1963, age 85, survived by a widow and six children; while sojourning in Italy he married the objectant on October 27, 1955; decedent returned to this country on October 31, 1955; the objectant (the wife) never came to this country and the decedent never returned to Italy subsequent to the aforesaid marriage. She has objected to the account claiming to be entitled as the widow to the exemptions allowed by section 200 of the Surrogate’s Court Act,
The pertinent language of section 200 is “ If a person having a family die, leaving a widow or husband ”. A comparison of the first exemption statute in this State found in the Revised Statutes (part 2, ch. VI, tit. 3, art. 1, §§ 9, 10; 2 Rev. Stat. of N. Y. 83, §§ 9, 10) with the present section 200 of the Surrogate’s Court Act, discloses that they are substantially identical except for the changes in the enumeration of ‘ ‘ articles ’ ’ necessitated by changed standards of living (Matter of Mackenzie, 158 Misc. 543).
The Court of Appeals in Matter of Burridge (261 N. Y. 225) at pages 227-228 stated: “Doubtless the marriage ceremony creates a family bond which can be severed only by judicial decree. In that sense husband and wife constitute a ‘ family ’ so long as the marriage continues in existence. The law affixes to the marriage contract rights and obligations, both of property and person, and, in general, these rights and obligations constitute the foundation of the family * * * Even where husband and wife have lived apart for ten years without the husband contributing to the support of the wife, we have held that the family bond is not severed, and the wife is entitled to claim the statutory exemption from her husband’s estate. (Matter of Shedd, 60 Hun, 367, 368; affd. on opinion below, 133 N. Y. 601.) Even where the husband has formally agreed to live apart from his wife, at her death he may claim the same exemption. (Matter of Osborn, 220 N. Y. 595.) ”
Even though the surviving spouse lived apart from her husband, never received any support from him and attempted to release any interest she might have in his estate, she was permitted to claim her statutory exemption (Matter of Shulenburg, 114 Misc. 155).
*168 In Matter of Zalewski (177 Misc. 384, revd. on other grounds 292 N. Y. 332), the widow’s claim to her statutory exemption was upheld even though for 40 years decedent was living apart from his spouse whom he left in Poland and who never came to the United States where decedent had migrated.
This court was confronted in Matter of Rotondo (33 N. Y. S. 2d 565), with the same question based on similar facts. In sustaining the claim of the widow who had been left in Italy separated from her husband for almost 40 years the court said at page 566 thereof: “ The mere separation of married persons will not destroy the right to receive such benefits prescribed by the Surrogate’s Court Act.”
The same day Surrogate Millard of this court handed down a second decision involving the same problem in Matter of Skewry (33 N. Y. S. 2d 610), again upholding the right of a surviving spouse to her statutory exemption despite an absence of 30 years immediately preceding decedent’s death. In taking such a position he stated at page 612 thereof ‘ ‘ The determination in Matter of Peciuch’s Estate, Sur., 26 N. Y. S. 2d 390, was based upon special circumstances, as was the decision reached in Matter of Schmidt’s Estate, 247 App. Div. 505, 287 N. Y. S. 44, affirmed without opinion in 271 N. Y. 651, 3 N. E. 2d 468, and therefore those decisions are not controlling in the case at bar. ’ ’
While some question of abandonment by the surviving spouse has been raised by the executor, inadequate proof has been presented to warrant any such finding. The burden of proving abandonment is upon the one raising the defense (Matter of Maiden, 284 N. Y. 429; Matter of Rechtschaffen, 278 N. Y. 336).
Matter of Barnes (149 Misc. 149), cited by the executor in his brief is distinguishable for in that case the husband abandoned the decedent and therefore was not permitted to claim his statutory exemption.
The court sustains the objection of the surviving spouse and determines that she is entitled to her statutory exemption pursuant to section 200 of the Surrogate’s Court Act.