In the Matter of the Estate of MEER I. BLOWSTEIN, Also Known as MEER BLOWSTEIN, Deceased.

Surrogate's Court, Bronx County, May 29, 1933.

*Goldwater & Flynn* [*Norman B. Kuklin* of counsel], for Bronx County Trust Company, guardian of the estate of Israel Herman Blowstein, an infant.

*Goldwater & Flynn* [*Norman B. Kuklin* of counsel], for Bronx County Trust Company, as administrator, etc., of Meer I. Blowstein, also known as Meer Blowstein, deceased.

*Alexander R. Klahr*, for Samuel Bluestone, guardian of the person of Israel Herman Blowstein, an infant.

HENDERSON, S. This application by the corporate guardian of the estate of decedent's infant son and sole distributee for a determination as to whether or not a certain automobile valued at $300 and owned by the decedent at the time of his death, is now the property of such son, by virtue of the provisions of section 200 of the Surrogate's Court Act, is opposed by the same trust company in its capacity as administrator of decedent's estate because of a possible insolvency of the estate.

The decedent was a doctor of medicine and used the automobile as a pleasure car and in the pursuit of his profession until his death on January 31, 1933. It is now in the possession of the owner of a garage, claiming a lien thereon for repairs and storage amounting to $169.86. The administrator admits the justness of this garage bill.

Subdivision 3 of that section, now pertinent, was amended in 1929 so as to include among the articles therein specified to be set off for the minor child " the farm machinery, and one motor vehicle or tractor," and so as to increase the maximum aggregate value of the articles specified in that subdivision to the sum of " four hundred and fifty dollars." (Laws of 1929, chap. 229, § 8.) This amendment became effective September 1, 1930, as to the estates of persons dying after August 31, 1930. (Laws of 1929, chap. 229, § 21, as amd. by Laws of 1930, chap. 174, § 13.) The decedent owned no property described therein other than the automobile in question.

It is true, as alleged by the administrator, that the Commission to Investigate Defects in the Laws of Estates, in its original report submitted to the Legislature of 1928, recommended an amendment of that subdivision in the following language: " In view of the changed conditions obtaining in rural communities, the exemption now relating to a horse or to domestic animals is amended to include one motor vehicle or tractor." (Leg. Doc. [1930] No. 69,

p. 86.) A horse was never pastured in that subdivision or elsewhere in the section, since the latter's addition in 1893 to the Code of Civil Procedure as section 2713 thereof (Laws of 1893, chap. 686) until it was revised and renumbered 2670 (Laws of 1914, chap. 443), so that the articles embraced in subdivision 3 thereof were therein described as " domestic animals," which of course includes horses. Prior to this revision the only animals within the provisions of this section were " sheep to the number of ten, cne cow and two swine," which as well as horses are to some extent popularly pictured as inmates of a farm, but which in instances too numerous to describe may never have seen a farm, may belong to a person who never owned or operated a farm, and may be maintained in urban as well as rural communities.

With their original report the Commission also submitted proposed legislation and appropriate notes. The amended section, as first proposed, did not then mention " the farm machinery." (Leg. Doc. [1930] No. 69, p. 176.) This term first appeared in the proposed legislation submitted with the Commission's first supplemental report in 1929. (Id. p. 136.) The notes to the pertinent proposed legislation are identical, omit reference to rural communities and state that the reason for amending section 200 is " to provide more nearly for the needs of the beneficiaries during a reasonable period for adjustment after the death of the decedent." (Id. pp. 136, 176.) There is no intimation of any reason for the insertion of " the farm machinery " other than the above-quoted reference to " rural communities." I do not believe that the Legislature intended to limit this particular exemption to a motor vehicle used in rural communities or on a farm, or to one which is part of farm machinery, as urged by the administrator, nor can I find any indication of such intention. The statute is clear, definite and in no way ambiguous. If such restriction had been intended by the Legislature, it must be assumed that it would have employed language appropriate to, or at least indicative of, such intention. Neither a motor vehicle nor a tractor is necessarily a part of farm machinery, though it may be, and the administrator's contention in that respect cannot be upheld. I find that under the statute, the automobile in question is not an asset of the estate but is the property of decedent's son.

Except for the statutory lien, whereby the garage is secured to the extent of the proceeds of the sale of the automobile, the situation is no different from that which would exist if the car were not in the possession of the garage.

The rights and liabilities of the estate and of the infant are the same as they would be if the infant had been an adult owner of

the car and had consented to its use as security for the payment of the garage bill. The infant became the owner of the car upon decedent's death and the garage bill is a valid general claim against the estate as a debt of the decedent for repairs made and rent accrued prior to his death. Between the estate and the infant, the estate is the primary source for the payment of such debt.

So much of the garage claim as is a proper charge for storage accrued since the decedent's death should be paid by the guardian of the infant's estate, if it takes the automobile. The guardian may pay the entire lien which neither the administrator nor either guardian questions, and thereby become the owner of the lienor's claim against the estate to the extent of such debt. Whether the guardian of the estate should adopt such course or should relinquish the automobile, is a question for it to answer in the exercise of its business judgment under the circumstances.

Submit decree on notice or consent.