In the Matter of the Estate of ABRAHAM BENJAMIN, Deceased.

Surrogate's Court, Kings County, March 27, 1934.

*Wasserman & Erenstoft*, for Sidney Benjamin, a creditor.

*Eli N. Cohen*, for Emeralde Dress Company, a creditor.

*Jacob Brenner*, for the administratrix.

*Elmer L. Levinsky*, for Peggy Waist and Dress Company, a creditor.

WINGATE, S.   The only assets of this estate consisted of a stock of goods at the store of the decedent, which has been determined to have been worth $50 and to have been sold for that sum, and a Buick sedan worth $650.   The expenditures for funeral and administration expenses which have been proved and allowed total $66, leaving a balance of $634.

The decree as submitted lays claim to this entire sum on behalf of the widow, $450 thereof under subdivision 3 of section 200 of the Surrogate's Court Act, and $184 under subdivision 4 thereof.

This section of the Surrogate's Court Act, so far as here pertinent, reads: " If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included in the inventory of the estate as property set off to such widow, husband or minor child or children:   *   *   *

" 3. Domestic animals with their necessary food for sixty days, the farm machinery, and one motor vehicle or tractor, not exceeding in value four hundred and fifty dollars.

" 4. Money or other personal property not exceeding in value three hundred dollars   *   *   *.

" Such property so set apart shall be the property of the surviving husband or wife, or of the minor child or children if there be no surviving husband or wife. No allowance shall be made in money or other property under subdivisions one, two and three if the articles mentioned therein do not exist."

It may be noted that the articles mentioned in subdivision 1 are household furniture, etc., and in subdivision 2, the family library.

The keynote to the interpretation of this enactment was struck by Presiding Justice GOODRICH, writing for the unanimous court in the Second Department in *Matter of Williams* (31 App. Div. 617). He said (at p. 621): " The evident object of the * * * section of the Code was to provide in all cases a reasonable support for a short time for the widow and children dependent upon a husband and father and left without means of support other than his estate."

The varieties of property enumerated in the several subdivisions fully demonstrate the legislative purpose as thus interpreted. The bare essentials to the maintenance of a home pass by operation of law to the surviving portion of the family unit, together with implements presumably necessary to continue the vocation of the decedent plus the sum of $300 to provide for immediate necessities.

Whereas it seems probable that the early predecessors of this section were drawn with a particular view to the requirements of a rural family, it is obvious that the enactment is remedial in purpose and should, therefore, receive a liberal construction. (*Matter of Williams, supra,* 619.) This court, therefore, concurs in the interpretation of the present enactment adopted by Surrogate HENDERSON in *Matter of Blowstein* (147 Misc. 870, 872) that any motor vehicle belonging to the decedent, which comes within the statutory terminology, passes pursuant to the provisions of subdivision 3 thereof.

The sole question in the case at bar, therefore, is whether the Buick sedan, the value of which has been determined to be $650, can be held to come within the description of " one motor vehicle * * * not exceeding in value four hundred and fifty dollars." The mere statement of the question supplies its negation. It is, however, the contention of the widow in this case that she is entitled to a 450/650 or 9/13 interest therein. The court cannot accept this as a proper interpretation of the statute. Its purpose, as indicated, is to supply the surviving family unit with the means of carrying on, and this would in no way be promoted by awarding to a widow a one-fortieth interest in a Rolls Royce automobile which the decedent happened to own.

If such a contention were to be sustained it would result in a determination that the surviving spouse owned merely a proportionate interest in the particular motor vehicle as tenant in common with the estate, with the result that their respective rights could be reduced to sole possession only by sale. In such event, however, the surviving spouse would not receive a motor vehicle but a sum of money in lieu thereof, which would seem to involve a substantial infringement of the inhibition contained in the final sentence of section 200, which, so far as presently pertinent, reads: "No allowance shall be made in money * * * under subdivisions * * * three if the articles mentioned therein do not exist."

In the opinion of the court, the decedent not having owned a "motor vehicle * * * not exceeding in value four hundred and fifty dollars," the widow is, in the case at bar, entitled to no exemption by reason of subdivision 3.

The court is, however, unable to accede to the argument of respondents that the widow is entitled only to fifty dollars under subdivision 4. The proceeds of sale of the assets of the decedent with which the administratrix is charged totaled $700. By reason of the apparent purpose of the statute to give the surviving head of the family unit money, to the extent of $300, there appears no sound basis for differentiation between an allowance to the widow from the proceeds of sale of one portion of the assets, and not of another. Furthermore, the application of the principle *inclusio unius est exclusio alterius* makes apparent that the provision in the last sentence of the section inhibiting a money allowance where the articles enumerated in subdivisions 1, 2 and 3 are not present in the estate, authorizes such allowance under subdivision 4. (*Matter of Crouse*, 244 N. Y. 400, 405, 406.)

The court, therefore, determines that from the $700 received by the administratrix, she is entitled to an exemption of $300, and to a credit for expenditures of $66, leaving $334 distributable under the decree which is presently to be entered. This will be used primarily for the payment of costs to the successful contestants, the overplus, if any, to be distributed *pro rata* among the creditors.

The court, in its discretion, will deny to the administratrix commissions and costs of this accounting. It will not, however, impose personal costs against her, as urged by contestants, deeming the foregoing a sufficient penalty for her improper actions in connection with the administration of the estate.

Proceed accordingly.