In the Matter of the Estate of BERNARD BRAUN, Deceased.

Surrogate's Court, Bronx County, April 15, 1949.

*William L. Nemcik* and *Lola J. Gordon* for Herbert Braun, as administrator of the estate of Bernard Braun, deceased, petitioner.

*Carl E. Schiffer* for Helen Braun, respondent.

HENDERSON, S. This is a discovery proceeding brought by the administrator who is the adult son of the decedent's first marriage. The respondent is the widow. The only other distributee is an infant daughter of the second marriage.

The principal question involves the equitable title to the money on deposit in two savings banks at the time of the decedent's death. Both accounts were in the name of the widow in trust for the decedent. The respondent testified that during all her married life with the decedent, she was a housewife with no independent income except such as she received during one period from a married couple who boarded with them. One of the bank accounts was opened by the transfer of a balance of $1,035.83 which she had on deposit in her maiden name before her marriage.

There is no other testimony as to the source of the money in these two accounts. The administrator contends that these moneys belonged to the husband and should be turned over to the estate. It is a fair inference that except for the sum which the respondent had in the bank before her marriage, plus interest, the money on deposit consisted of savings from money given to her by the husband and such money as she saved from the board of the couple above mentioned. These savings by the wife are the sole property of the husband (*Matter of Ekins,* 126 Misc. 1, 6).

The intention of the husband and wife with respect to these funds is controlling. The intent of the husband is of primary importance.

Had the husband retained legal title to the funds by having the accounts in his name in trust for the respondent or if he had placed them in their joint names, no question could be raised as to the respondent's equitable title upon her husband's death.

Here he reposed even greater confidence in the respondent by giving her legal title to his savings during his lifetime. She commingled her funds with his. The only inference that can be drawn from their conduct is that they regarded these accounts as a common fund for their joint benefit. In the absence of evidence to the contrary, it must be presumed that the decedent desired to confer a benefit upon his wife when he permitted her to deposit his money in her name. Each, by the form of these accounts, must have intended to create a right of survivorship in the other (*Belfanc* v. *Belfanc,* 252 App. Div. 453, affd. 278 N. Y. 563; *Matter of Fliegelman,* 184 Misc. 792).

The respondent came into possession of $343.66 in currency which the decedent had on his person when he died. She has sold the furniture for $1,200. Her exemption pursuant to section 200 of the Surrogate's Court Act permits her to retain $300 in currency and $1,000 from the proceeds of the sale of the furniture.

She has paid the funeral expenses which are in excess of the amount remaining after deducting the exempt property.

The court finds that the respondent has no property belonging to the estate. This proceeding is dismissed on the merits.

Settle decree.