MIRIAM B. ROSENFIELD, Appellant-Respondent, *v.* EDWARD M. ROSENFIELD, Respondent-Appellant.

*Per Curiam.* After both parties rested in this action, a stipulation was entered upon the record with respect to permanent alimony and the settlement of property rights between the parties. The judgment, however, accords with the stipulation only as to the amount of the alimony. It does not incorporate the agreement of the parties in respect to their property rights.

Defendant claims that the judgment should be modified to incorporate the settlement in full or be set aside in its entirety. Plaintiff claims that what appears upon the record to be a firm agreement was actually only a tentative agreement, subject to confirmation, and that it was never confirmed. She asserts that the failure to consummate the stipulation was due to a difference between the parties as to whether the alimony was to extend for her life beyond any earlier demise of her husband.

As alimony in due course is only a personal obligation which ends with the life of the one required to pay it, and as nothing to the contrary is indicated in the stipulation, which plaintiff assured the court she understood and agreed to, it is hardly understandable that she should subsequently claim a misunderstanding of the stipulation and refuse to honor it. It does appear on the record, however, that a further formalizing of the stipulation was contemplated and the record is blank as to why it was not formalized and why the court did not follow it.

We cannot accept the defendant's view that the separation was dependent upon consummation of the stipulation in this action. Indeed, it appears, as it has appeared throughout this matrimonial litigation, that neither party is interested in maintaining the marital relationship and that their interest is solely one of property disposition.

We take it that it was the intention and decision of the court to award alimony of $250 a week irrespective of any stipulation of the parties. As the finding in respect to alimony recites, however, that the parties have agreed upon that amount of alimony, and it appears from the record that such an agreement was only part of a larger agreement, finding 13 should be modified to eliminate the reference to the agreement.

With a gap in the record, we are unable to amend the judgment to include and enforce the stipulation. The defendant is free, however, by motion or action, to establish and enforce the stipulation. The judgment should be modified accordingly and otherwise affirmed. Settle order.

VAN VOORHIS, J. (dissenting in part). I vote to eliminate the alimony provisions in the decree, unless they are qualified so as to provide that the alimony is payable only upon condition that plaintiff perform her obligations under the stipulation, and as so modified the decree should be affirmed.

Peck, P. J., Cohn, Callahan and Bergan, JJ., concur in Per Curiam opinion; Van Voorhis, J., dissents in part in opinion.

Judgment modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.