(November 9, 1954.)

MIRIAM B. ROSENFIELD, Respondent, *v.* EDWARD M. ROSENFIELD, Appellant. CHARLES R. BARRETT, Respondent.

*Per Curiam.* Defendant appeals from an order which confirms the report of a referee, by which there was rejected a motion by defendant husband to establish and enforce a stipulation made in open court during trial of a separation action brought against him by plaintiff wife.

The present proceeding involves the second matrimonial action for separation brought by plaintiff against her husband. In July, 1946, this court on appeal dismissed both the wife's separation complaint for cruelty and the husband's counterclaim for separation for cruelty and abandonment with the suggestion by this court "that their disputes over property should be adjusted preferably by the parties themselves, or if not, then by the courts"; it was also stated that the court could "see no reason why the marital relationship should not be resumed." (*Rosenfield* v. *Rosenfield*, 274 App. Div. 451, 454, affd. 299 N. Y. 770.)

Just a few weeks after affirmance of the decision of this court by the Court of Appeals, the wife instituted the present action against her husband, again for a separation, alleging that the husband had refused to accept her bona fide offers to return to him. In the course of the trial of the second separation action, the issues were settled between the parties and the wife was awarded a decree of separation by judgment duly entered on February 28, 1950. Alimony in the sum of $250 per week was agreed upon and by stipulation made in open court the wife agreed to return to the husband, certain shares of stock which she held in the Standard Electric Equipment Corporation, a company belonging to the husband. It was further agreed that all the stock of this corporation was to be deposited as security with a trustee or an escrowee to insure payment by the husband to the wife of the permanent alimony in the sum of $250 per week for a period of ten years from the date of the entry of judgment in the action, together with special provisions as to payment of Federal and State income taxes set forth in the stipulation. Custody of the child was awarded to the defendant.

Contending that the stipulation was not binding upon her, and that she misunderstood its purport, the wife urged that the security provisions of the stipulation were so indefinite that the agreement was incompatible and unenforcible. Upon an appeal by the husband to this court, we found (*Rosenfield* v. *Rosenfield*, 281 App. Div. 869) that a stipulation had in fact been entered into upon the record between the parties with respect to their property rights as well as with respect to permanent alimony. We also found that the judgment did not incorporate the agreement in respect of the property rights. We stated that a further formalizing of the stipulation as to such property rights was contemplated, but we found the record blank as to why the trial court had not required the parties to fully formalize their agreement, made in open court. Because of this gap in the record, we did not amend the judgment to enforce the stipulation, but we stated that the defendant was free to establish and enforce the stipulation "by motion or action" (p. 870). In the opinion of the court, it was indicated that neither party appeared interested in maintaining the marital relation; that a separation was proper, and that as it was the intention of the trial court to fix $250 a week alimony irrespective of any stipulation of the parties, we desired to avoid any necessity of retrying the separation suit. Accordingly, we permitted the separation judgment to stand, modifying it by striking that part of finding 13 which provided an agreement as to the $250 alimony, because we felt that this was only part of a larger agreement, including an agreement as to the disposition of property rights.

After that decision, the defendant husband, as suggested by us, moved at the Special Term to establish and enforce the stipulation settling the matter of property rights as agreed, especially with respect to the assignment of shares of stock in the Standard Electric Equipment Corporation held by the wife. The parties had specifically stipulated that the stock was to be assigned to defendant husband or his designee. This was one of the provisions of the "larger" agreement we referred to. As collateral security for the payment of the alimony,

the stock, after assignment to the husband, was to be deposited by him in trust or in escrow.

The Special Term apparently misinterpreting what we said, referred to a referee the question of the "intent of the parties" with respect to the stipulation. Treating this as a delegation to him of the question of whether there had ever been any meeting of the minds as to a property settlement with respect to assignment of the stock, the referee held hearings, and at their conclusion found that there had been no meeting of the minds as to an essential part of a property settlement; that, therefore, there was no contract; and that the husband was entitled to no relief with respect to the return of his stock in the Standard Electric Equipment Corporation. The referee, we think mistook the import of this court's decision, which meant just what it said, namely: that there had been an agreement made between husband and wife with respect to the return of the stock of this corporation to the husband; that a mere failure to agree as to the mechanics of pledging the stock as collateral for the alimony, which mechanics the parties agreed to leave to the court, did not destroy the efficacy of the agreement; that there was a gap in the record which left us in the dark as to why the learned Justice at Special Term had not carried out the formalization required; and that carrying out of the "larger" agreement could be effectuated on motion or by action.

If the present order were affirmed, it would result in a complete denial to the husband of that portion of what we had found was the "larger" agreement, that is, the part which gave him back the property he was lawfully entitled to receive. In a word, the wife would get her separation and her permanent alimony, but the husband would not get the stock of the corporation, merely because some of the details of the collateral deposit arrangement of that stock was left to be formalized by the trial court. We hold the referee's conclusion as to the return of the property unwarranted and contrary to our earlier ruling. It is clear from the record before us that there was a sufficient meeting of the minds between the parties and nothing in the way of formalizing the property settlement. The stock of the Standard Electric Equipment Corporation was to be assigned to the husband. He was to have all the rights of an owner thereof, including the voting rights and the right to dividends. The pledge of the stock as collateral was to be directed by the Supreme Court. If it saw the necessity for the intervention of a trustee, it might so provide and appoint a trustee. The mechanics to be selected by the court to effectuate the pledge of collateral was not a failure of the parties to agree on an essential term. The gap was not with respect to whether an agreement had been made, but why it had not been formalized. Upon this record, we may supply the provisions as to the property settlement by inserting them in the judgment which will provide for the appointment of a trustee.

It should be pointed out that, before the referee, the plaintiff wife had contended that it was her understanding at the time of the stipulation, she was to receive, in addition to what was provided by the stated terms of the stipulation:

(1) A fixed contractual obligation to pay her $250 a week for her life, against which was to be credited such alimony as her husband paid pursuant to court decree.

(2) Payment of $250 a week alimony for ten years (a) even in event of her husband's death and (b) even though "a decree of divorce shall be procured by either Mr. Rosenfield or Mrs. Rosenfield dissolving the marriage", and (c) even after any divorce of her by him and after a remarriage by her.

(3) As security for the weekly alimony of $250, deposit by defendant of a mortgage on his equity in certain property on Overlook Avenue in New Rochelle; pledges of his equity in his home at Beechmont Drive, New Rochelle, of his shares of stock in a real estate company, Wilkins Holding Corporation, and of his interest in the capital account of a partnership known as Electro Products Sales Company.

The referee quite properly rejected plaintiff's contentions with respect to all these matters. Nevertheless, he found against defendant with respect to the return of the Standard Electric Equipment Corporation stock and its deposit as security for the payment of permanent alimony on the ground that the stipulation to that effect was too indefinite and too incomplete to be enforced. We do not agree with his interpretation of that stipulation. We find, as stated above, that the stipulation was definite and complete. In the circumstances of this case, we hold that objections to the fees of the learned referee are without warrant.

The order should be reversed *to the extent indicated,* and the report of the referee overruled. The judgment should be amended so as to carry out the stipulation as it was made in open court by the parties; and otherwise affirmed. In the order to be settled herein, let the provision of the stipulation be set forth and a clause inserted for the appointment of a trustee to be selected by this court.

Cohn, J. P., Callahan, Bastow and Botein, JJ., concur.

Order unanimously reversed to the extent indicated in the opinion herein and the report of the referee overruled. Judgment unanimously amended so as to carry out the stipulation as it was made in open court by the parties and otherwise affirmed. In the order to be settled herein, let the provision of the stipulation be set forth and a clause inserted for the appointment of a trustee to be selected by this court. Settle order on notice. [205 Misc. 1095.]