Joseph W. Cribb, S.
Herbert J. Langmaid died intestate on August 13, 1954, survived by Ms wife, Blanche E. Langmaid, and five children. Blanche E. Langmaid was appointed administratrix of her husband’s estate on September 17, 1954, and is still acting in that capcaity.
This proceeding was brought by Capital Finance Corporation, a creditor of decedent, as a result of which an account was filed by said administratrix.
On July 5, 1955, the respective attorneys appeared and presented their views concerning the account. The primary question raised concerns the validity of items set off to the surviving widow as exempt property pursuant to subdivision 3 of section 200 of the Surrogate’s Court Act, which reads as follows: “ If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children: * * * 3. Domestic animals with their necessary food for sixty days, the farm machinery, one motor vehicle and one tractor, not exceeding in aggregate value one thousand dollars.”
Pursuant to this section the admimstratrix set off to herself as exempt property all the stock and tools set forth in Schedule A of her account, in the total market value of $2,594. Against these articles were two chattel mortgages amounting to $2,394.44. In addition there were two old trucks and some furniture — all encumbered for more than they were worth at the date of death. The only cash in the estate at date of death was the sum of $346.12, consisting of cash on hand of $59.55 and one half of the August milk check in the sum of $286.57.
While Schedule I of the account indicates that all the stock and tools were set off to the widow, the brief filed on her behalf indicates that four cows, subject to a chattel mortgage in the sum of $237.50 and held by the National Bank of Geneva, New York, are assets of the estate and that this mortgage has been satisfied from the proceeds of sale of two cows.
If the setoff is allowed to stand as taken, the petitioner claimant, as well as other general creditors of this estate, will be unable to recover, and the income from the herd will be the widow’s. Administratrix originally took the position that since *121 the equity in the stock and tools was actually less than $1,000 on the date of death, she was entitled to them all. She now admits, in the brief filed by her attorney, that this was error. A chattel worth more than the statutory limit cannot be set off on the ground that an encumbrance against it actually reduces its value to within the statutory limit. (Matter of Senn, 149 Misc. 215.)
The Senn case, however, involved but one item, and administratrix now presents the ingenious argument that 45% of the items having an appraised value of $2,244, and subject to the chattel mortgage held by the Canandaigua National Bank and Trust Company in the amount of $2,156.94, became the property of the widow on the day of her husband’s death, still subject, of course, to the lien of the chattel mortgage, and that any income earned after the date of death by these cows belongs to the widow because of her vested ownership in them.
In other words, it is argued that although the whole herd cannot be set off because of the holding of the Senn case, cows not exceeding the statutory amount in gross value should be set off to the widow subject to the chattel mortgage.
This argument appeals to the court; general creditors are not hurt any more than as if there were five cows, unencumbered, with an aggregate value of just under $1,000, which it is admitted could be the proper subject of setoff. Neither are the chattel mortgagee’s rights impaired. In view of the fact that the section is to be liberally construed I should like to so hold, but I feel constrained to rule otherwise in view of the decisions in Matter of Schmidt (159 Misc. 373) and Matter of Benjamin (150 Misc. 857). Most cases cited by the respective attorneys have involved but one article. The Schmidt case, however, is similar to ours in that a herd of cattle was involved and was heavily encumbered by chattel mortgage. After setting off various unencumbered articles in that case, the court stated on page 377, “ The cows on the farm were all incumbered by chattel mortgages and the ownership of the decedent therein was an equity and equities are not the subject of set-off under the provisions of section 200.”
Since the tools, as well as the cattle, were subject to chattel mortgage in this case, none of the property set forth in Schedule A of the account can be set off to the surviving widow.
Administratrix may, however, set off to herself cash belonging to the estate as of August 13,1954, in the sum of $346.12, pursuant to subdivision 4 of section 200 of the Surrogate’s Court Act.
Let an order be entered accordingly.