Maximilian Moss, S.
This is a petition by surviving husband seeking a construction of article “ Third ” of the will to determine his rights as life tenant thereunder, contributions required to be made by the life tenant to maintain the premises involved therein, to require estate assets deposited by the executrix without the State to be returned to the jurisdiction of this court and be subject to withdrawals on signatures of each of the executors and other items of requested relief. The respondents seek the petitioner’s removal as a coexecutor and determination as to the right of the life tenant’s second wife and her family to occupy the premises.
By the terms of the said article “Third” the residuary estate is devised and bequeathed equally to the husband, petitioner, daughter and three named grandchildren subject to the use and enjoyment of her property by her husband for life. The husband, daughter and a grandson are the executors named in the will.
The testatrix in her lifetime and her husband occupied the premises, the record ownership of which is in a corporate name. The corporation is a closed corporation having 100 shares of stock outstanding, 99 of which were held by the testatrix. The other share outstanding is held in the name of Alice, an executrix. The testatrix obviously regarded her home as her own property and disregarded the corporate set-up. Under such circumstances the corporate fiction will be disregarded and the property dealt and treated with as the testatrix did (Matter of Bauer, 289 N. Y. 326; Matter of Dillon, 200 Misc. 147).
*1044 Although, the premises are referred to in the petition as not “habitable,” they are presently occupied by the life tenant. Where rights of a life tenant and remaindermen are involved in a single house the life tenant owes the remaindermen the duty to surrender the property at the end of the use or occupation as it was when received, except for reasonable wear and tear and ordinary depreciation. The one enjoying the exclusive use of the premises must make at his own cost and expense, ordinary, reasonable and necessary repairs, pay taxes, and keep down incumbrances (Matter of Merritt, 182 Misc. 1026, 1030; Clarke v. Clarke, 145 N. Y. 476; Matter of Laemmle, 50 N. Y. S. 2d 899; Matter of Lott, 251 App. Div. 333; Matter of Gaffers, 254 App. Div. 448). The will contains no provision for the payment of such charges from estate assets and under usual principles must be borne by the life tenant. The life tenant during his tenure, may use the premises reasonably for his own convenience or profit (Brokaw v. Fairchild, 135 Misc. 70, affd. 231 App. Div. 704) and may occupy the same with those persons constituting his family.
The respondents have deposited estate assets in an estate account in a bank in Pennsylvania subject to their joint withdrawal. They are required to place the estate account on deposit in a bank within this jurisdiction subject to the joint control of each of the fiduciaries including the petitioner herein (Surrogate’s Ct. Act, § 228).
The compensation of the attorney will be fixed pursuant to section 278 of the Surrogate’s Court Act upon submission of the decree construing the will.
The applications for an inventory and for removal of petitioner are denied. Settle decree on notice.