Harry G. Herman, S.
In this executors’ accounting proceeding the widow has asserted eight objections of which five remain undetermined. Objection No. 2 was dismissed by order of this *285 court dated March 27, 1961, and an appeal from such order is pending in the Appellate Division, Second Department. Objection No. 3 relating to a claimed right of election was not litigated at this time by reason of the claim of the United States which has filed a lien for income taxes in excess of $600,000, more than twice the estimated value of the gross estate. Any question as to the validity of such right of election accordingly will be reserved for future determination.
The decedent was involved in an astounding course of events concerning his business transactions, his marital difficulties and his troubles with respect to Federal income taxes. Although decedent’s earnings were substantial, he failed to pay his income taxes, with the result that he was convicted of tax evasion and sentenced in October, 1955. The United States has asserted a claim for unpaid income taxes which on its face appears to be valid and which, as above stated, exceeds $600,000, as a result of which a tax lien was filed against the decedent in September of 1955, more than two years prior to his death in 1958. The decedent’s difficulties with the United States were equalled, if not exceeded, by the numerous controversies and protracted litigation between him and his wife. The parties were married in August, 1935. The only child of such marriage was born in September of 1942 and the parties separated in July of 1946. Decedent’s will dated April 19, 1955, was admitted to probate by a decree of this court dated June 26, 1958, following the decedent’s death in March of 1958. The litigation between the decedent and his wife ran the gamut of every court from the Magistrates’ Court in the City of New York to the Court of Appeals. Until his death in 1958 decedent and his wife had been involved in more than 70 actions and proceedings against each other. (See Matter of Rosenfield, 213 N. Y. S. 2d 1009, 1013.)
Objection No. 1 relates to the claim of the widow for arrears in unpaid alimony totaling $19,270, stated to be due under a separation decree. The issue here is whether certain shares of stock were to be transferred by the wife to the husband as a condition for the payment of this alimony. (See Rosenfield v. Rosenfield, 281 App. Div. 869 and 284 App. Div. 937.) In view of the insolvency of the estate, the executors have stated that they had no objection to this claim being allowed at this time provided it would be re-examined if they would be exposed to payment should sufficient assets develop to pay the claim. While the allowance of this claim may be academic, as it may well be for all other unsecured claims, there must be some finality to this interminable litigation. It appears quite clearly to this court that the assignment of the Standard Electric Equipment *286 Corporation stock was a prerequisite to the payment of any alimony (see Matter of Rosenfield, 284 App. Div. 937, 939, supra). It appearing that the object ant has failed to execute and deliver such assignment of said stock her claim was properly rejected and her objection to such rejection is dismissed.
Objection No. 4 involves a claim in the amount of $1,000 evidenced by a check in this amount issued by the decedent and delivered to his wife prior to his death, but which has not been collected. This claim will be allowed as an unpreferred claim, along with such other unpreferred claims as are determined to be valid.
By objection No. 5 the widow seeks damages of $56,750 arising out of a transaction involving certain jewelry claimed to have been purchased by the decedent and delivered to her in 1946. This claim was the subject of litigation between the claimant and the decedent during his lifetime. The objection is based on the allegation that such jewelry was falsely stated by decedent to have been delivered to his wife on memorandum; that she settled an action brought against her by the jeweler for $6,250 and returned the jewelry to the jeweler. Objectant claims, however, that after her husband’s death one of the articles of jewelry was found in his safe-deposit box. Predicated on this discovery, the widow now says that she was the victim of a fraudulent conspiracy between her husband and the jeweler which was designed to mislead her as well as the court. The Appellate Division and the Court of Appeals determined many years ago that this jewelry had not been purchased by her husband (see Rosenfield v. Rosenfield, 274 App. Div. 451, affd. 299 N. Y. 770). One of the items, a so-called love ring, was thereafter given to her by decedent in 1953 and the other item, a so-called Chatelaine sail fish, was found among decedent’s effects. The Statute of Limitations is sought to be overcome by the incident of this “ discovery ” of the sail fish after decedent’s death in March of 1958. The prior adjudication as to the nature of the transaction between the decedent and the jeweler and the rights of the decedent and his wife against each other may not be disregarded on this item of so-called newly discovered evidence relating to the controversy long since determined adversely to the claimant. A new cause of action for fraud does not arise every time a new item of evidence is discovered bearing on a litigation determined many years before (Sielcken-Schwarz v. American Factors, 265 N. Y. 239; Ectore Realty Co. v. Manufacturers Trust Co., 250 App. Div. 314; Kelly v. City of New York, 276 App. Div. 540, affd. 302 N. Y. 589). The court determines that objection No. 5 is insufficient as a matter of law. *287 Accordingly, such claim is disallowed and objection No. 5 is dismissed. Moreover, the facts adduced at the hearing are wholly insufficient in any event to sustain this claim.
By objection No. 6 the widow seeks to recover from the executor certain furniture, china, silver and other personal property claimed to belong to her and to her mother and to have been in the decedent’s home at the time of his death in March of 1958. She testified that she had been previously married and that she had brought this personal property from her New York apartment to the New Rochelle home after she had married the decedent. If it be assumed that she removed property belonging to her from her residence in New York City to the residence in New Rochelle, the fact remains that when she separated from decedent in July of 1946 and left the residence she trucked away all or as much of such personal property as could be removed. Moreover, she had ample opportunity thereafter to remove any other property which belonged to her or her mother, for despite the continuous litigation, objectant frequently visited her husband’s residence in New Rochelle. Her failure to take appropriate action to recover these items during the lifetime of her husband was sought to be explained by testimony to the effect that she lived in furnished rooms or hotels after the separation from her husband. The court is unable to accept this version, however, as an adequate explanation of the failure of such an aggressive and litigious claimant to properly and vigorously take any necessary action to recover such items.
During the many years between the separation in 1946 and her husband’s death in 1958, with the many actions or proceedings instituted by her there was more than ample opportunity for her to avail herself of her husband’s invitation, if in fact such an invitation existed, to possess herself without difficulty of any personal property owned by her or to resort to the appropriate legal remedies available.
Even assuming that after her separation, her living quarters were not adequate to permit the use of these items of personal property, if they were as valuable as is now claimed, they could have been placed in storage.
Objectant’s denial of ownership of any such items of personalty on an examination in supplementary proceedings pursuant to a judgment against her also casts a cloud on the validity of such claim. Moreover, she is met with the burden of proving factually such a claim against an estate (Matter of Block, 258 App. Div. 342, appeal dismissed 282 N. Y. 683) and overcoming the defense of the Statute of Limitations, which she *288 has failed to do. The claim is disallowed and.objection No. 6 is dismissed.
The remaining objection No. 7 relates to property valued at $3,050 which is claimed as a setoff to her of exempt property under section 200 of the Surrogate’s Court Act. This right of setoff is claimed to have priority over the lien of the United States for income taxes. The difficulty with the claimant’s position on this item is that the tax lien was filed more than two years prior to decedent’s death, and under section 6321 ©f the Internal Revenue Code of 1954 (U. S. Code, tit. 26, § 6321) such lien attached to all of decedent’s property and rights to property and continues after the death of decedent. Any right of setoff under section 200 of the Surrogate’s Court Act would not accrue until after decedent’s death. The widow of decedent does not acquire by reason of his death any right superior to the lien of a creditor existing prior to death. The exemptions from a lien created by section 6321 are limited to those enumerated in section 6324. Exemptions accorded by State law are not effective as against a lien filed by the United States for income taxes (see United States v. Behrens, 230 F. 2d 504). Objection No. 7 accordingly is dismissed.