John D. Bennett, S.
The decedent’s widow commenced a proceeding pursuant to section 201 of the Surrogate’s Court Act (now SCPA 2102) to have the executors set apart and turn over to her what she claims to be exempt property.
The attorneys for the respective parties have submitted an agreed statement of facts. They have agreed that on September 26, 1966, the date of the decedent’s death, he had an accident while operating an automobile having a value of less than $3,000, and which was demolished as a result of the accident.
The decedent was taken to the hospital where he was pronounced dead on arrival. The death certificate indicates that the decedent had had a coronary attack, but the parties concede it is impossible to determine whether or not his death took place before or after the crash of the automobile.
After the decedent’s death the executors found that the decedent’s insurance broker had failed to obtain collision coverage for the decedent’s automobile. The parties agree that the decedent did not pay for collision coverage, but it was the contention of the executors that the broker breached his duty to the decedent in failing to obtain proper coverage. The executors were successful in settling their claim with the broker for $1,600. The decedent’s widow contends that she is entitled to such funds as part of the automobile family exemption afforded under former section 200 of the Surrogate’s Court Act (now EPTL 5-3.1).
The statute provides that no allowance shall be made in money or other property if the specific articles described in the section do not exist at the time of the decedent’s death. The court has been unable to find any case in point, but there is an analogy *795 found in EPTL 3-4.5 concerning insurance proceeds from property which was the subject of a specific disposition. It would appear that if the decedent died prior to the collision of the automobile the decedent’s widow would be entitled to the recovery afforded under an insurance agreement. While the court must liberally construe the family exemption statute (Matter of Rozenzweig, 31 Misc 2d 845; Matter of Langmaid, 2 Misc 2d 119; Matter of Benjamin, 150 Misc. 857), there is no proof when the decedent died, which is crucial. The court might by analogy apply the reasoning of the late Surrogate Moss in Matter of Buda (21 Misc 2d 931), and presume that the decedent’s death and the collision were a “ common disaster ” and accordingly the decedent’s widow should be entitled to the insurance proceeds had there been any. However, here there was no actual policy of insurance in existence. To impart to the settlement proceeds of a cause of action for negligence against the broker in failing to secure coverage the same weight as the proceeds of an actual policy of insurance would be extending such analogy beyond reasonable limits. The recovery was made on a chose in action which belonged to the decedent and on his death passed to his personal representative (Matter of Hilpert, 165 Misc. 430).
The decedent’s widow also attempts to discover property which she claims the executors took from a safe found on the premises occupied by the decedent and his spouse during his lifetime.
The executors agree that they took cash in the amount of $620 from a safe located at the decedent’s home. It is their contention that the proceeds belonged to the decedent. The decedent’s widow contends that the proceeds were hers.
A hearing was held at which time the widow testified that from time to time she had put money in and taken some out of the vault in question. Her testimony was objected to by the executors on the ground that it involved transactions with the decedent and that she was barred from testifying pursuant to CPLR 4519. The court permitted her to testify and allowed the executors to cross-examine her without waiving any rights that they may have had under CPLR 4519, reserving any question as to the admissibility of her testimony.
The decedent’s widow in her petition alleges under paragraph “25 ” that she and the decedent maintained a safe, on the premises in which they resided, as a place of joint depository of cash. Under paragraph “ 26 ” she admits that both she and the decedent from time to time placed cash in the safe and from time to time they would each withdraw cash from same.
*796 The decedent’s widow testified that over a period of years she deposited funds of her own from various sources in excess of $9,000. She claims she withdrew some of the funds, but did not give an exact breakdown of how much she took out of the safe.
The decedent’s widow may be competent to testify concerning funds that she put in the safe and funds that she withdrew from the safe. However, her difficulty in proving her claim to the $620 is that she cannot prove that that specific amount was hers without directly or indirectly testifying about transactions that she had with the decedent (Greenfield, Testimony Under § 347, Civ. Prac. Act, formerly § 829, Code Civ. Pro. § 168; Matter of O’Neil, 20 A D 2d 741). Accordingly, the motion to strike her testimony concerning transactions with the decedent is granted, and the court finds that the decedent’s widow has failed to prove that the funds that were taken from the safe by the executors belong to her.
The motion of the executors to dismiss the within petition is granted.
Settle decree on five days’ notice, with three additional days
if service is made by mail.