■ In the Matter of the Estate of JULIUS A. ITZKOWITZ, Deceased. SARAH ITZKOWITZ, Appellant; MURRAY I. MARTIN, as Executor of JULIUS A. ITZKOWITZ, Deceased, Respondent. (Proceeding No. 1.) In the Matter of the Estate of JULIUS A. ITZKOWITZ, Deceased. STEPHEN E. KOWITT et al., Appellants; MURRAY I. MARTIN, as Executor of JULIUS A. ITZKOWITZ, Deceased, Respondent. (Proceeding No. 2.)—In a consolidated proceeding, (1) the surviving spouse appeals (Proceeding No. 1) from so much of a decree of the Surrogate's Court, Nassau County, dated March 27, 1975, as denied her application to direct the executor to turn the proceeds of certain exempt property over to her and (2) the decedent's sons appeal (Proceeding No. 2) from the balance of the said decree, which, after a hearing, adjudged that the attempted transfer of certain real property to them by the decedent was illusory. Decree modified, on the law, by deleting the first decretal paragraph thereof and substituting therefor the following: "Ordered, adjudged and decreed, that the widow, Sarah Itzkowitz, is entitled to receive the sum of $5,000 as an exemption as surviving spouse, pursuant to EPTL 5-3.1, out of the proceeds received by the executor upon the sale of the decedent's motor vehicle, and that the balance of said proceeds, $1,000, is an asset of the estate." As so modified, decree affirmed. Appellant Sarah Itzkowitz and respondent in Proceeding No. 2 are awarded separate bills of costs, payable out of the estate. The executor realized $6,000 upon the sale of the decedent's Cadillac. If the value of the decedent's automobile had been $5,000 or less, it would have been exempt property under the statute (EPTL 5-3.1, subd [a], par [3]). Exemption statutes require "a liberal interpretation, so as to resolve all reasonably doubtful questions in favor of the beneficiary" (*Matter of Williams*, 31 App Div 617, 620). The surviving spouse is entitled to $5,000 of the proceeds as her exemption (see *Matter of Barrows*, 204 Misc 339, affd 283 App Div 995; *Matter of Braun*, 194 Misc 791; *Matter of Beresford*, 41 NYS2d 830; but, see, Matter of Benjamin, 150 Misc 857; *Matter of Senn*, 149 Misc 215, affd 241 App Div 663; *Matter of Langmaid*, 2 Misc 2d 119). We agree with the Surrogate that the attempted transfer of the former marital home to decedent's sons was illusory in fact. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

■ In the Matter of JAMES IULO, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, contained in his Order No. 42, dated June 6, 1975 and made after petitioner's plea of guilty to certain specifications, which fined petitioner 40 days' pay. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. In our opinion, the penalty imposed is not so shockingly disproportionate to the offenses committed as to require, or permit, this court to reduce it (see *Matter of Pell v Board of Educ. of Union Free School Dist No. 1 of Towns of Scarsdale & Mamaroneck*, 34 NY2d 222). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of JOSE A. (ANONYMOUS), Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated September 10, 1975, which, after a fact-finding determination that appellant was a person in need of supervision, placed him with the Division for Youth, Title III, for a period of 18 months. Order affirmed, without costs or disbursements. In our view, the Family Court made the correct disposition. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.