William J. Regan, S.
The decedent, Ben N. Jadd, died on August 29, 1976, leaving a wife and son. At the time of his death, the decedent had on deposit with Chase Manhattan Bank, the respondent herein, in a savings account No. 358-7-01438, the sum of $1,484.35, plus accrued interest. On September 9, 1976, the respondent, pursuant to an assignment of Ben *454 N. Jadd, dated February 21, 1975, and also pursuant to the terms of collateral promissory notes dated April 13, 1976 and July 15, 1976, withdrew the sum of $1,412 from the aforesaid account in repayment of the loans made to the decedent by the respondent.
The decedent had pledged and assigned the aforesaid proceeds as security for the loan, and incidentally thereto delivered the passbook to said account to the respondent. The petitioner, on behalf of the will, claims that the respondent pay to the widow the sum of $133.51, which, when added to the balance of the case in the estate, would give the widow her full family exemption under EPTL 5-3.1 (subd [a], par [4]).
It is well settled law that exempt property vests in the surviving spouse at the date of death and does not constitute estate assets. (Matter of Di Prato, 15 Misc 2d 571; Matter of McNamara, 138 Misc 526; Matter of Rozenzweig, 31 Misc 2d 845.)
The only issue presented herein is the priority, if any, of the widow’s statutory exemption over the respondent’s assignment and lien on the proceeds of said account. The right of the surviving widow to set off property pursuant to her statutory exemption has been denied where the property was subject to a lien and/or a security interest prior to the death of the husband. (Matter of Langmaid, 2 Misc 2d 119; Matter of Travaglione, 36 Misc 2d 645.)
The decedent herein assigned his interest to said account to the respondent and authorized the respondent to withdraw any moneys in said account at any time without the formality of giving notice to the decedent. The respondent acted within its rights to withdraw said moneys and apply same to the notes of the decedent pursuant to the terms of the agreement entered into by and between the decedent and the respondent.
The court agrees with the decision in Matter of Rosenfield (36 Misc 2d 284, 288), which held that "Any right of setoff under section 200 of the Surrogate’s Court Act would not accrue until after decedent’s death. The widow of the decedent does not acquire by reason of his death any right superior to the lien of a creditor existing prior to death.”
The petitioner’s application therefore is hereby denied.