OPINION OF THE COURT
Evans V. Brewster, S.
In this proceeding to pay over exempt property pursuant to EPTL 5-3.1, all issues save one have been settled pursuant to a stipulation read into the record in open court. Left unsettled is whether the surviving spouse is entitled to the proceeds of sale of an automobile registered in the name of a corporation owned exclusively by the decedent. The relevant statute is EPTL 5-3.1 (subd [a], par [3]) which sets off to the surviving spouse, as exempt property, “Domestic animals with their necessary food for sixty days, farm machinery, one motor vehicle and one tractor, not exceeding in aggregate value ten thousand dollars.”
The respondents argue that the automobile does not come within the category of assets envisioned by the statute. They urge that since the petitioner and the decedent had separated several months before his death, the automobile cannot be considered a “family car” since there was no “family unit” in existence at the time he died. Furthermore, since the title to the vehicle was in the name of the corporation, it was not owned by the decedent at the time of his death and is therefore not subject to be set aside to the petitioner.
The argument that the separation of the decedent and the petitioner is a bar to the vesting of exempt property is *933 without merit. Living together as a unit is not a requirement for vesting the property in the surviving spouse. Unless disqualified for reasons set forth in EPTL 5-1.2, a surviving spouse is vested with exempt property. None of the stated reasons for disqualification having been shown, the petitioner is entitled to the exempt property which was owned by the decedent at the time of his death.
Submitted as part of the stipulation referred to above are agreed facts that include, inter alia, the following: the vehicle in dispute was one of a series of automobiles traded in every three years, all registered in corporate name; all of the vehicles were garaged at the family residence; all vehicles were used for personal family purposes, i.e., shopping, transportation of friends, church, school and the like; ordinarily the decedent would commute to work and only occasionally used the car; the vehicle was used by the decedent, the petitioner and their children; no employee of the corporation other than the decedent or the petitioner ever used any of the vehicles; the decedent customarily registered personal accounts in the name of the corporation including his home telephone and his American Express charge account; the predecessor corporate vehicle was the subject of an investment tax credit taken by the decedent and the petitioner on their joint 1977 income tax return; the corporation is a subchapter S corporation; and while most automobile bills were paid by the corporation, the petitioner at times personally paid for upkeep of the prior cars without being reimbursed from the corporation.
The petitioner seeks to have the court “pierce the corporate veil” (see Walkovszky v Carlton, 18 NY2d 414) to determine that the subject vehicle is the personal property of the decedent. No specific case on this question has been found. However, the tendency of the courts in recent years in connection with estate matters has been to view the actualities of the situation and not its superficialities where preponderantly controlled or wholly owned corporations have been involved. In such situations the fact has been recognized that the corporate property was actually that of the testator so long as corporate creditors were not concerned. (Matter of Dunigan, 111 Misc 212.)
*934 In a case involving real property placed in the name of a corporation by the decedent shortly before death, the court observed that “the corporate form is but a fiction between the testator as sole stockholder of the corporation and the land itself. To all intents and purposes testator owned the real estate individually.” (Matter of Barrie, 25 Misc 2d 890, 894.) Where a decedent and her husband during her lifetime occupied a house, record ownership of which was in corporate name and the corporation was a closed corporation having 100 shares of stock outstanding, 99 of which were held by the decedent, the court found that the “testatrix obviously regarded her home as her own property and disregarded the corporate set-up. Under such circumstances the corporation fiction will be disregarded and the property dealt * * * with as the testatrix did”. (Matter of Stukalo, 7 Misc 2d 1042, 1043.) In a close corporation (or a subchapter S corporation as we have here), the fictional separation of the corporate entity from that of its stockholders can be pierced when practicality so demands (Siegel v Ribak, 43 Misc 2d 7). Furthermore, the courts may disregard the corporate entity of a “one-man” corporation (Matter of Bauer, 289 NY 326).
It seems clear that EPTL 5-3.1 (subd [a], par [3]) was meant to apply to the situation presented here. “(I)t is obvious that the enactment is remedial in purpose and should, therefore, receive a liberal construction.” (Matter of Benjamin, 150 Misc 857, 858; Matter of Williams, 31 App Div 617.) The language of the statute, when first enacted, indicated a desire of the Legislature to assist surviving spouses and children who lived then in a more rural environment than is now the case. In applying a liberal construction to the statute, the court in a 1933 case decided that the motor vehicle which was sought to be set aside as exempt property did not have to be “used in rural communities or on a farm or * * * part of farm machinery” (Matter of Blowstein, 147 Misc 870, 872). There, the decedent was a doctor of medicine and used the automobile as a pleasure car and in the pursuit of his profession. The court ruled that the automobile was not an asset of the estate but should be set apart for the decedent’s son.
*935 This court concurs that a liberal construction of the statute should be employed. The facts confirm that, for all intents and purposes, the vehicle in question was owned by the decedent. The court will take judicial notice of the fact that automobiles are often registered in the name of a corporation for tax and business reasons (Walkovszky v Carlton, supra), while continuing to be used for personal and family purposes. It is also true that “equity will disregard the forms of a corporation in certain cases * * * where the interests of justice require and the facts warrant such action.” (Thomashefsky v Edelstein, 192 App Div 368, 369-370.)
Since the Surrogate’s Court is a court of equity, it can and does disregard fictions that result in injustice. The fiction is the corporate ownership and the injustice is the result that will obtain if the registration of the automobile in the corporate name precludes it from being exempt property. Under these circumstances, the automobile is exempt property and the surviving spouse is entitled to the proceeds of the sale of the motor vehicle, which the parties have stipulated to be $5,100. The executors are directed to pay over this amount to the petitioner within two weeks of the service upon them of the order to be settled herein.